MIGUEL A. DEL TORO, ETC., demandantes y recurrentes, *v.* GOBIERNO DE LA CAPITAL DE PUERTO RICO ET AL., demandados y recurridos.

Número: R-65-180     Resuelto: 29 de abril de 1966

*Luis F. Cuyar* y *Andrés Guillemard,* abogados de los recurrentes; *Carlos A. Chavier Stevenson,* abogado del Gobierno de la Capital.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Los esposos Del Toro Ramírez demandaron al Gobierno de la Capital de Puerto Rico, a la Autoridad de Acueductos y Alcantarillados de Puerto Rico y a la compañía aseguradora Commercial Insurance Company, en reclamación de daños y perjuicios. Alegaron, en síntesis, que la señora Ramírez de Del Toro sufrió una caída mientras caminaba por la acera de la Calle Fortaleza de San Juan; que la caída se produjo al ir ella a colocar su pie izquierdo en una tapa o plancha de metal con un área aproximada de tres pies cuadrados que existe en dicha acera y al resbalar en dicha plancha donde no había barrera, rótulo, aviso ni señal que indicara proximidad de peligro; que dicha señora resbaló y cayó al pavimento al pararse sobre la indicada tapa o plancha de metal, sufriendo daños; que la caída se debió a la culpa y negligencia del Gobierno de la Capital o a la negligencia combinada de éste y de la codemandada Autoridad de Acueductos y Alcantarillados de Puerto Rico, al mantener dicha acera abierta al tránsito de peatones a pesar de existir en el tramo de la misma donde cayó la señora Del Toro, una tapa o superificie lisa de metal sumamente resbalosa, en particular cuando llueve.

El Gobierno de la Capital contestó la demanda enmendada negando las alegaciones que le imputaban negligencia, ya exclusiva o combinada; aceptando tener la obligación de conservar y mantener la acera donde se cayó la señora demandante, y alegando como defensa afirmativa que de haber ocurrido el accidente, éste se debió a la culpa y negligencia de la Autoridad de Acueductos y Alcantarillados de Puerto Rico, propietaria de la tapa o plancha de metal.

La Autoridad de Acueductos y Alcantarillados y su aseguradora Commercial Insurance Company contestaron la

demanda enmendada negando sus hechos esenciales y admitiendo la Autoridad ser dueña de la tapa o plancha de metal, y planteando además, la defensa de prescripción.

Contestando unos interrogatorios, la Autoridad de Acueductos y Alcantarillados admitió que era dueña y tenía bajo su custodia y control absoluto la tapa de metal a que se refiere la demanda.

Por su parte el Gobierno de la Capital, al contestar unos interrogatorios, expresó: "El Gobierno de la Capital tenía a su cargo el cuidado, limpieza, mantenimiento y conservación de la acera para la fecha indicada, e incidentalmente, por estar la tapa o plancha de metal en la acera, su superficie era limpiada por la persona que barría la acera y suponemos que el cuidado, mantenimiento y conservación de dicha plancha de metal lo hacía la Autoridad de Acueductos y Alcantarillados."

Basándose en las alegaciones y en las admisiones hechas por la Autoridad de Acueductos y Alcantarillados de Puerto Rico, el Gobierno de la Capital solicitó que se dictara sentencia sumaria a su favor desestimando la demanda ya que "habiendo las otras codemandadas Autoridad de Acueductos y Alcantarillados de P.R. y Commercial Ins. Co. admitido que tenían el control exclusivo y absoluto de la plancha o tapa de metal a que se hace mención en la demanda, y la cual alegadamente causó los daños a la demandante y no existiendo controversia real o genuina en cuanto a ningún hecho material, procede, y así lo solicitamos respetuosamente de este Hon. Tribunal, se dicte Sentencia Sumaria declarando sin lugar la demanda interpuesta contra la codemandada Gobierno de la Capital de P.R."

El Tribunal dictó sentencia sumaria a favor del Gobierno de la Capital desestimando la demanda. Los fundamentos que tuvo para dictarla están expuestos en el siguiente párrafo de su sentencia: "Siendo la contención de la demandante que el accidente se debió a que la placa de metal en que ella resbaló

era lisa, resbaladiza cuando llovía, y resultando de las alegaciones y de las admisiones de las partes que esa tapa fue colocada por la Autoridad de Acueductos y Alcantarillados y que ésta es su propietaria y la tiene bajo su control absoluto, no hay una genuina controversia de hechos material alguna en lo que respecta a la contienda entre la demandante y el Gobierno de la Capital, ya que no surge ni de las alegaciones ni de los demás documentos que hemos examinado que el accidente se debiera a condición otra alguna o desperfecto de la acera de que deba responder el Gobierno de la Capital."

■ No procedía dictarse sentencia sumaria a favor del Gobierno de la Capital. No es suficiente que la parte que solicita se dicte sentencia sumaria a su favor demuestre que no hay controversia real en cuanto a ningún hecho material sino que es necesario además que como cuestión de derecho deba dictarse sentencia sumaria a su favor. Regla 36.3 de Procedimiento Civil.

■ La admisión hecha por la Autoridad de Acueductos y Alcantarillados de Puerto Rico al efecto de que ella era la dueña y tenía el control absoluto de la tapa o plancha de metal que causó el alegado accidente, no tiene en derecho el alcance de exonerar de responsabilidad al Gobierno de la Capital. La referida tapa o plancha de metal había sido instalada en la acera por la Autoridad de Acueductos y Alcantarillados, pero su existencia en aquel sitio y su condición, según los autos, no era ignorada por el Gobierno de la Capital. Dicha plancha de metal pasó a ser parte de la superficie de la acera por donde transitaba a pie el público. Es deber de los municipios mantener sus calles y sus aceras en condiciones de razonable seguridad para las personas que por ellas transitan en forma usual. El incumplimiento de ese deber constituye negligencia y bajo los hechos apropiados, el municipio responde de los daños que sufra una persona a causa de obstrucciones o defectos, conocidos por el municipio, en sus

calles o aceras. (¹) Ese deber y la consiguiente responsabilidad no termina por el hecho de que un tercero haya creado una situación de inseguridad en las calles o aceras con o sin su consentimiento si de ello tiene o se le puede imputar conocimiento. 19 McQuillin, *Municipal Corporations,* Sec. 54.43, pág. 150.

■ No es defensa para el municipio que una tercera persona pueda también ser responsable. (²) Si la condición de la tapa o plancha de metal colocada en la acera, era peligrosa o insegura para los peatones, cuestión que no podemos resolver ahora, entonces tanto la Autoridad de Acueductos y Alcantarillados como el Gobierno de la Capital serían responsables. La primera por haberla instalado, ser la dueña y tener el control de dicha plancha y no mantenerla en condiciones de razonable seguridad y la segunda por tener el deber de mantener toda la acera, incluyendo el área cubierta por la plancha, igualmente en condiciones de razonable seguridad para el público que transita por ella.

Ya en *Oliver* v. *Municipio de Bayamón,* 89 D.P.R. 446 (1963), dijimos que como parte "de su obligación de mantener las aceras en razonables condiciones de uso, correspondía al Municipio tomar medidas para evitar causar daños por la situación peligrosa existente que consistía en el hueco inmediato al borde inferior de la acera. No podía desconocer esta responsabilidad descansando en el hecho de que el lugar de la existencia del hueco no le pertenecía ni estaba bajo su control cuando el riesgo podía anticiparse y estaba tan próximo a la acera que convertía el uso de ésta en inseguro . . . ."

La anterior doctrina es aplicable con mayor razón, cuando la condición peligrosa o insegura, ha sido creada en la propia acera.

---

(¹)*Davidson* v. *H. I. Hettinger & Co.,* 62 D.P.R. 301 (1943); *Vélez* v. *La Capital,* 77 D.P.R. 701 (1954).

(²)*Morales Muñoz* v. *Castro,* 85 D.P.R. 288 (1962).

*Se revocará la sentencia revisada y se devolverá el caso para ulteriores procedimientos.*