Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE ARECIBO
PANEL X

| MARÍA I. COSME COSME<br><br>Recurrida<br><br>V.<br><br>DARÍO VÉLEZ NEGRÓN Y SLG CON JUANA DOE Y OTROS<br><br>Peticionarios | KLCE202301067 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: AR2022CV02078<br><br>Sobre: Accidente de Tránsito |
|---|---|---|

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 30 de noviembre de 2023.

El 27 de septiembre de 2023, compareció ante este Tribunal de Apelaciones, el Municipio de Florida y MAPFRE Praico Insurance Company (en adelante, parte peticionaria), por medio de *Petición de Certiorari*. Mediante esta, nos solicita que revisemos la *Resolución y Orden* emitida el 17 de agosto de 2023 y notificada el 21 de agosto de 2023, por el Tribunal de Primera Instancia, Sala Superior de Arecibo. Mediante el aludido dictamen, el foro *a quo*, declaró No Ha Lugar la *Moción de Desestimación y/o Sentencia Sumaria Parcial* presentada por el Municipio de Florida por ser prematura, por entender que existen controversias de hechos y derecho que requieren un quantum mínimo de descubrimiento de prueba, previo a determinación.

Anticipamos que, por los fundamentos que en delante se esbozan, se expide el recurso de *certiorari* y se revoca el dictamen recurrido. Consecuentemente, se desestima la *Demanda* en cuanto al Municipio de Florida.

Número Identificador

SEN2023 _____

**I**

Los hechos que propiciaron la controversia de epígrafe se remontan a una *Demanda* sobre daños y perjuicios, presentada por la señora María I. Cosme Cosme (en adelante, señora Cosme Cosme o parte recurrida), por sí y en representación de su hija menor NMC, en contra de la parte peticionaria, del señor Darío Vélez Negrón (en adelante, señor Vélez Negrón), Ana G. Ríos Pagán (en adelante, señora Ríos Pagán), y el Departamento de Obras Públicas del Gobierno de Puerto Rico (DTOP).

De las alegaciones de la *Demanda* surge que el 19 de noviembre de 2021, la menor NMC transitaba por la carretera 140, km 49.9, del Barrio Perol en el Municipio de Florida, cuando fue impactada por un vehículo conducido por el señor Vélez Negrón, que pertenecía a la señora Ríos Pagán. Subsiguientemente, la agente Ana L. Maldonado Vázquez (en adelante, agente Maldonado Vázquez), preparó la Querella núm. 2021-2-028-01374, donde le atribuyó negligencia a la menor NMC. Consecuentemente, a la menor NMC le radicaron cargos por violación al Art. 5.07 de la Ley Núm. 22-2000. La parte recurrida adujo que, en la vista para determinar causa probable, la agente Maldonado Vázquez declaró que, "la carretera era peligrosa; estrecha y que no había espacio suficiente en el lado derecho de la carretera[,] lo que hacía que los vehículos pudieran invadir el carril contrario al que conducían". Asimismo, indicó que, el foro primario determinó no causa y desestimó el caso a favor de la menor NMC.

En la *Demanda*, la parte recurrida le imputó negligencia y responsabilidad al DTOP y al Municipio de Florida, por entender que el accidente había sido provocado, en parte, por la peligrosidad de la carretera y por su diseño. Añadió que, debido a que la carretera no era segura, existían altas probabilidades de que ocurriera un accidente y que, tanto el DTOP como el Municipio de Florida debían

saberlo. Por otro lado, también le imputó responsabilidad al señor Vélez Negrón al razonar que, fue negligente debido a que no condujo de forma segura y al no tomar en consideración las condiciones de la carretera. Arguyó que, las actuaciones alegadamente negligentes de las partes codemandadas le causaron daños materiales, físicos y angustias y sufrimientos mentales. Finalmente, como consecuencia de los daños alegados, solicitó una partida por daños y perjuicios ascendente a cien mil dólares ($100,000.00).

Acaecidas varias incidencias procesales, la parte peticionaria presentó la *Moción de Desestimación y/o Sentencia Sumaria Parcial*, por medio de la cual, sostuvo que, el lugar donde ocurrió el accidente no se encontraba bajo el control, jurisdicción y mantenimiento del Municipio de Florida, por lo tanto, procedía que se desestimara la *Demanda* en cuanto al Municipio de Florida y MAPFRE. En su escrito, elaboró como hechos incontrovertidos, los siguientes: 1) [e]l alegado accidente descrito en la *Demanda* ocurrió el [19] de noviembre de 2021 mientras [NMC] transitaba por la carretera 140, Km. 49.9, del barrio Perol del Municipio de Florida; 2) [l]a parte demandante alega que no había suficiente espacio en la carretera y estaba resbalosa; 3) [p]ara la fecha del alegado accidente, [19] de noviembre de 2021, la carretera 140, Km. 49.9, del barrio Perol del Municipio de Florida, no estaba bajo el cuidado, control ni mantenimiento del Municipio de Florida. En esencia, la parte peticionaria argumentó que, la carretera número 140, km. 49.9, del Barrio Perol en el Municipio de Florida era una vía estatal. De igual manera, arguyó que, aun tomando por ciertas todas las alegaciones de la *Demanda*, el Municipio de Florida en nada respondía a la parte recurrida, ya que por disposición expresa de ley, estaban prohibidas las acciones en daños y perjuicios contra un municipio y su compañía aseguradora en los casos donde ocurran accidentes en las aceras de carreteras, avenidas, calles y vías públicas estatales.

Conforme a lo anterior, la parte peticionaria le solicitó al foro *a quo* la desestimación con perjuicio de la *Demanda*. Cabe destacar que, la parte peticionaria acompañó su moción con una *Certificación sobre titularidad o jurisdicción*, emitida por el Municipio de Florida donde se certifica que, la carretera número 140, km. 49.9, del Barrio Perol en el Municipio de Florida, a la fecha del accidente, no pertenecía ni era jurisdicción del Municipio.

Posteriormente, la parte recurrida presentó la *Réplica a Moción de Desestimación y/o Solicitud de Sentencia Sumaria Presentada por el Municipio de Florida y MAPFRE*. En su escrito, la parte recurrida cuestionó la veracidad de la *Certificación sobre titularidad o jurisdicción*, y argumentó que, esta no era suficiente razón en derecho para desestimar la *Demanda*. Expresó que, entendía que era necesario llevar a cabo el descubrimiento de prueba con el propósito de comprobar si la alegación hecha por el Municipio era real, y si no tenía jurisdicción sobre la carretera en cuestión. A estos efectos, solicitó al foro de primera instancia que declarara No Ha Lugar la *Moción de Desestimación y/o Sentencia Sumaria Parcial*.

Subsiguientemente, el Gobierno de Puerto Rico, en representación del Departamento de Transportación y Obras Públicas (DTOP), presentó la *Contestación a la Demanda*, donde **aceptó tener la jurisdicción, control y mantenimiento de la carretera 140 km.49.9 del Barrio Perol del Municipio de Florida**. No obstante, refutó lo alegado por la parte recurrida y negó la responsabilidad imputada por la parte recurrida.

El 9 de agosto de 2023, se celebró la *Conferencia Inicial*. Según surge de la *Minuta*, **el DTOP aceptó que la carretera en cuestión formaba parte de su jurisdicción**. Por otro lado, la parte peticionaria reiteró que, no tenía jurisdicción sobre la aludida carretera y que, por ello, solicitó al foro *a quo* que declarara Ha Lugar

su solicitud de desestimación de la causa de acción en cuanto al Municipio de Florida y MAPFRE como su aseguradora. Mientras que, la parte recurrida alegó que, tenía evidencia que demostraba que, en un momento particular, el Municipio de Florida le dio mantenimiento a la carretera aun cuando esta era estatal. Argumentó que, existían unos acuerdos colaborativos entre el Gobierno de Puerto Rico y los municipios para el mantenimiento de las carreteras. Finalmente, como mencionamos previamente, el Tribunal de Primera Instancia declaró No Ha Lugar, por prematura, la moción dispositiva presentada por la parte peticionaria.

Posteriormente, para el 11 de agosto de 2023, la parte peticionaria presentó la *Moción Solicitando Aclaración de Minuta.* Por medio de esta, le solicitó al foro de primera instancia que aclarara si la moción dispositiva había sido declarada No Ha Lugar, y que, de ese ser el caso, notificara a las partes una *Minuta Resolución* de la cual pudieran solicitar reconsideración y/o recurrir.

A estos efectos, el 17 de agosto de 2023, la primera instancia judicial emitió la *Resolución y Orden* cuya revisión nos atiene. Mediante esta declaró No Ha Lugar la *Moción de Desestimación y/o Sentencia Sumaria Parcial.* Expresó lo siguiente:

> En esta etapa de los procedimientos, se declara NO HA LUGAR POR PREMATURA la moción dispositiva presentada por el Municipio de Florida, por cuanto se debe hacer un quantum mínimo de descubrimiento de prueba.

Subsiguientemente, el 28 de agosto de 2023, la parte peticionaria presentó la *Moción de Reconsideración de Orden*, donde reiteró su posición. El foro recurrido declaró la misma No Ha Lugar, mediante *Orden* emitida y notificada el 29 de agosto de 2023.

Inconforme aún con la determinación del foro *a quo*, la parte peticionaria acudió ante este foro revisor mediante recurso de *Certiorari* y esgrimió el siguiente señalamiento de error:

Erró el Tribunal de Primera Instancia al permitir un descubrimiento de prueba bajo la Regla 36.6 de Procedimiento Civil, aun cuando la certificación presentada, las admisiones de las partes y la opinión en González Meléndez v. Municipio Autónomo de San Juan, 2023 TSPR 203, no daba espacio para que ejerciese su discreción al tomar tal determinación.

Transcurrido el término reglamentario sin que la parte recurrida compareciera ante este foro revisor para exponer su posición en torno al recurso de marras, procedemos a resolver el recurso sin el beneficio de su comparecencia.

**II**

## A. *Certiorari*

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). La expedición del auto de *certiorari* descansa en la sana discreción del foro apelativo. *Torres González v. Zaragoza Meléndez*, supra. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, supra, pág. 372. La precitada Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[1]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, *supra*, dispone, en su parte pertinente, lo siguiente:

---

[1] 4 LPRA Ap. XXII-B, R. 40.

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una **resolución** u **orden** bajo las **Reglas 56 y 57** o de la **denegatoria de una moción de carácter dispositivo**. No obstante, y por **excepción** a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar **órdenes** o **resoluciones interlocutorias** dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la **admisibilidad de testigos de hechos o peritos esenciales**, asuntos relativos a **privilegios evidenciaros**, **anotaciones de rebeldía**, en casos de **relaciones de familia**, en casos que revistan **interés público** o en cualquier otra situación en la cual esperar a la apelación constituiría un **fracaso irremediable de la justicia**. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis nuestro). Regla 52.1 de Procedimiento Civil, *supra.*

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa

etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

### B. Sentencia Sumaria

Como es sabido, en nuestro ordenamiento, el mecanismo de la sentencia sumaria está regido por la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V., la cual desglosa los requisitos específicos con los que debe cumplir esta figura procesal.[2]

La sentencia sumaria es un mecanismo procesal para disponer de ciertos casos sin necesidad de llegar a la etapa de juicio.[3] Al no haber controversia sustancial y real sobre hechos materiales, sólo falta aplicar el derecho pertinente a la controversia. Cuando se habla de hechos materiales nos referimos a aquellos que pueden determinar el resultado de la reclamación, en conformidad con el derecho sustantivo aplicable. Así pues, el propósito de la sentencia sumaria es facilitar la pronta, justa y económica solución de los casos que no presenten controversias genuinas de hechos materiales.[4]

En consonancia con lo anterior, en el pasado nuestro Tribunal Supremo ha afirmado que -utilizado ponderadamente- el mecanismo de sentencia sumaria **es un vehículo idóneo para descongestionar los calendarios de los tribunales y evitar el derroche de dinero y tiempo que implica la celebración de un juicio en su fondo**.[5] (Énfasis nuestro).

La parte contra quien se reclama en un pleito, al presentar una moción de sentencia sumaria al amparo de esta Regla 36.2, deberá cumplir con los requisitos de forma preceptuados en la Regla

---

[2] *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 224 (2015).
[3] *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).
[4] *Luan Invest Corp. v. Rexach Const. Co.*, 152 DPR 652 (2000). (Cita omitida). *Velázquez Ortiz v. Gobierno Mun. De Humacao*, 197 DPR 656, 662-663 (2017).
[5] Véase: *Carpets & Rugs v. Tropical Reps.*, 175 DPR 615 (2009); *Padín v. Rossi*, 100 DPR 259 (1971). *Pérez Vargas v. Office Depot / Office Max, Inc.*, 203 DPR 687 (2019).

36.3 de Procedimiento Civil; a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido.[6]

Cumplidos estos requisitos, el inciso (e) de la Regla 36.3 establece que:

> La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que, como cuestión de derecho, el tribunal debe dictar sentencia sumaria a favor de la parte promovente. El tribunal podrá dictar sentencia sumaria de naturaleza interlocutoria para resolver cualquier controversia entre cualesquiera partes que sea separable de las controversias restantes. Dicha sentencia podrá dictarse a favor o contra cualquier parte en el pleito. Si la parte contraria no presenta la contestación a la sentencia sumaria en el término provisto en esta regla, se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal. 32 LPRA Ap. V, R. 36.3(e). *William Pérez Vargas v. Office Depot /Office Max, Inc.,* supra.

Conforme ha resuelto la Alta Curia, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones.[7] Las meras afirmaciones no bastan. *Id.* "Como regla general, para derrotar una

---

[6] *Véase* 32 LPRA Ap. V. R. 36.3. *Pérez Vargas v. Office Depot /Office Max, Inc.,* supra.
[7] *Ramos Pérez v. Univisión,* supra, págs. 215-216.

solicitud de sentencia sumaria la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente".[8]

Ahora bien, reiteradamente el Máximo Foro ha indicado que, el mecanismo de sentencia sumaria no es el apropiado para resolver casos en donde hay elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad sea esencial.[9] De la misma manera, también ha dicho que "hay litigios y controversias que por la naturaleza de los mismos no hacen deseable o aconsejable el resolverlos mediante una sentencia sumariamente dictada, porque difícilmente en tales casos el Tribunal puede reunir ante sí toda la verdad de los hechos a través de 'affidavits' o deposiciones".[10]

Nuestro más Alto Foro se expresó en *Meléndez González v. M. Cuebas*, 193 DPR 100 (2015), en cuanto al proceso de revisión de las sentencias sumarias y estableció que en dicho proceso el Tribunal de Apelaciones debe: 1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; 2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*; 3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos; y 4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar

---

[8] *Ramos Pérez v. Univisión*, supra, pág. 215. (Cita omitida). *Roldán Flores v. M. Cuebas, Inc.*, 199 DPR 664, 677 (2018).

[9] *Elías y otros v. Chenet y otros*, 147 DPR 507 (1999) citando a: *Soto v. Hotel Caribe Hilton*, 137 DPR 294 (1994).

[10] *Elías y otros v. Chenet y otros*, supra, citando a: *García López v. Méndez García*, 88 DPR 363, 380 (1963).

de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.[11]

En cuanto a la identificación de las controversias de hecho y de derecho, nuestra última instancia judicial ha llamado la atención a lo siguiente:

> Aunque a veces no es fácil atisbar la diferencia, es vital que los tribunales distingan puntualmente entre lo que es un hecho y una conclusión de derecho. Un "hecho" en el campo jurídico es un acontecimiento o un comportamiento determinado y pertinente para la norma legal que se pretende aplicar. La norma jurídica se aplica al supuesto que constituye el "hecho" para arribar a determinada conclusión de derecho.
> [. . .]
>
> En todo caso debidamente instado ante un foro judicial habrá siempre una controversia de derecho presente y es precisamente esa controversia la que vienen los tribunales llamados a resolver. Si se comete el error de catalogar las controversias de derecho como controversias de hecho se eliminaría virtualmente el mecanismo de sentencia sumaria de nuestro ordenamiento procesal, pues este requiere expresamente la inexistencia de una controversia de hechos materiales para que un tribunal pueda dictar sentencia de esa forma.[12]

**C. *Responsabilidad de los Municipios por accidentes en carreteras pertenecientes al Gobierno estatal, ocurridos dentro de la demarcación territorial municipal***

Desde tiempos inmemoriales, la casuística sobre la responsabilidad por conservación y mantenimiento de las aceras [y carreteras] se ha mantenido casi inalterada. La responsabilidad de los municipios se había ido expandiendo a medida que nuestro más Alto Foro se pronunciaba al respecto, estableciendo así, una responsabilidad clara en la conservación de éstas.[13] *González Meléndez v. Municipio Autónomo de San Juan,* 2023 TSPR 95.

---

[11] *Roldán Flores v. M. Cuebas, Inc.,* supra, pág. 679.
[12] *Lugo Montalvo v. Sol Meliá Vacation,* supra, págs. 226-227.
[13] En *Vélez v. La Capital,* 77 DPR 701, 708 (1954), el Alto Foro interpretó que el Municipio de San Juan era responsable del mantenimiento de las aceras a ambos lados de la Avenida Muñoz Rivera, incluyendo las reatas o jardineras, por lo que debía mantenerlas en buen estado de conservación. Véase, además, *Oliver v. Municipio de Bayamón,* 89 DPR 442, 445 (1963); *Del Toro v. Gobierno de la Capital,* 93 DPR 481-485 (1966); *Pérez v. Municipio de Lares,* 155 DPR 697, 709 (2001).

En consonancia con lo anterior, los diferentes estatutos vigentes que se habían aprobado sobre la conservación y mantenimiento de las carreteras estatales, proveían jurisdicción a los municipios, ya fuera para el mantenimiento, jurisdicción temporera o permanente, así como para establecer servidumbres de paso, entre otras. Véase la Ley Núm. 54 de 30 de mayo de 1973, según enmendada, conocida como *Ley de administración, conservación y policía de las carreteras estatales de Puerto Rico* (Ley Núm. 54 de 1973), 9 LPRA sec. 2101 *et seq.*

Empero, desde la aprobación de la Ley de Municipios Autónomos, Ley Núm. 81-1991, según enmendada, 21 LPRA sec. 401 (hoy derogada), la ley fue sufriendo enmiendas, toda vez que, exponía a los municipios a responsabilidad por daños y perjuicios, aunque el lugar o carretera no fuera parte de su control y jurisdicción. A tales fines, la Ley 81-1991, según enmendada, conocida como "Ley de Municipios Autónomos de Puerto Rico", y según se desprende de su Exposición de Motivos, fue enmendada para añadir un nuevo inciso (g) al Artículo 15.005, *"a los fines de establecer que no se podrá radicar acciones civiles por daños y perjuicios a la persona o a la propiedad, contra los municipios cuando ocurran accidentes en carreteras o aceras propiedad del Gobierno Estatal"*.

Posteriormente, la Ley de Municipios Autónomos fue derogada mediante la aprobación del "Código Municipal de Puerto Rico", Ley Núm. 107-2020, según enmendada, 21 LPRA (en adelante, Código Municipal). En lo atinente al caso que nos ocupa, el Artículo 1.053 del aludido Código Municipal, dispone lo siguiente:

> **Artículo 1.053 — Acciones por Daños y Perjuicios No Autorizadas** (21 LPRA § 7084) No estarán autorizadas las acciones contra el municipio por daños y perjuicios a la persona o la propiedad por acto u omisión de un funcionario, agente o empleado de cualquier municipio:

(a)   En el cumplimiento de una ley, reglamento u ordenanza, aun cuando éstos resultaren ser nulos.

(b)   En el desempeño de una función de carácter discrecional, aun cuando hubiere abuso de discreción.

(c)   En la imposición o cobro de contribuciones.

(d)   Constitutivo de acometimiento, agresión u otro delito contra la persona, persecución maliciosa, calumnia, libelo, difamación y falsa representación e impostura.

(e)   Ocurrida fuera de la jurisdicción territorial de Puerto Rico.

(f)   En el desempeño de operaciones de combate por las fuerzas navales o militares en caso de guerra, invasión, rebelión u otra emergencia debidamente declarada como tal por las autoridades pertinentes.

**(g)   Cuando ocurran accidentes en las carreteras o aceras estatales.** (Énfasis suplido).

Dispone, además, que la sentencia que se dicte contra cualquier municipio de acuerdo con este Capítulo no incluirá, en ningún caso, el pago de intereses por período alguno anterior a la sentencia, ni concederá daños punitivos, ni impondrá honorarios de abogados. La imposición de costas se regirá por el procedimiento ordinario.

Pertinente al caso que nos ocupa, en *González Meléndez v. Municipio Autónomo de San Juan,* supra, el Tribunal Supremo de Puerto Rico tuvo ante su consideración una controversia similar, donde se cuestionaba la responsabilidad del ayuntamiento por una caída en la acera. Nuestra más Alta Curia, refiriéndose al artículo 1.053 del Código Municipal, *supra,* destacó que: "*Del aludido articulado se desprende que el legislador, dentro de sus facultades constitucionales, prohibió la presentación de reclamaciones en daños y perjuicios en contra de los municipios, en la medida en que esté presente cualquiera de los incisos enunciados.[14]* **En ese sentido, la**

---

[14] Nota al calce original: "Cabe destacar que, la Ley Núm. 107-2020, según enmendada, conocida como *Código Municipal de Puerto Rico,* 21 LPRA sec. 7001 *et seq.* (la cual derogó la Ley de Municipios Autónomos), contiene las mismas disposiciones de su antecesora en el Art. 1.053, 21 LPRA sec. 7084." *González Meléndez,* supra, a la pág. 9.

***aprobación del inciso (g) del Art. 15.005 de la Ley de Municipios Autónomos,*** **supra,** ***incluyó una medida protectora adicional a favor de los municipios, la cual está limitada a la eventualidad de que ocurra un accidente en una carretera o acera estatal.***[15] *Nótese que la Asamblea Legislativa condicionó la falta de responsabilidad del municipio y la limitó únicamente para los propósitos autorizados en el Art. 15.005 de la Ley de Municipios Autónomos,* supra".[16]        (Énfasis nuestro).        A estos fines, la certificación emitida por el municipio constituyó prueba suficiente para demostrar que este no ostentaba la jurisdicción y control de la calle en cuestión.

Al presente, en el Código Municipal, *supra,* no existe excepción alguna a esta "inmunidad" aplicada a los municipios ni tampoco alguna otra que haya sido interpretada por nuestro Máximo Foro en esa dirección.  Por el contrario, la enmienda a la Ley de Municipios, *supra,* referente a esta exclusión de responsabilidad, fue insertada de manera idéntica, en el Código Municipal vigente.

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla al caso ante nuestra consideración.

**III**

En su único señalamiento de error, nos plantea la parte peticionaria que, erró el Tribunal de Primera Instancia al permitir un descubrimiento de prueba bajo la Regla 36.6 de Procedimiento Civil, aun cuando la certificación presentada, las admisiones de las partes y la opinión en *González Meléndez v. Municipio Autónomo de San Juan, supra,* no daba espacio para que ejerciese su discreción

---

[15] Véase la *Exposición de motivos* de la Ley Núm. 143-2019, para enmendar el Art. 15.005 de la Ley de Municipios Autónomos. 21 LPRA ant. sec. 4705.
[16] *González Meléndez v. Municipio Autónomo de San Juan,* supra, a la pág. 9.

al tomar tal determinación. Coincidimos con tal aseveración. Nos explicamos.

De entrada, es preciso señalar que, la controversia que nos corresponde dirimir es una de estricto derecho. Esta es, si al palio de la legislación y casuística vigente, el Municipio de Florida le responde a la parte recurrida por el accidente ocurrido el 19 de noviembre de 2021, en la carretera 140, Km. 49.9, del Barrio Perol del Municipio de Florida. Veamos.

Conforme surge del tracto procesal antes reseñado, cuando se instó la *Demanda*, se acumularon como partes codemandadas, al Municipio de Florida y al Departamento de Transportación y Obras Públicas, entre otras. Como parte de las incidencias del pleito, innecesarias pormenorizar, el Municipio de Florida y su compañía aseguradora, MAPFRE, instaron *Moción de Desestimación y/o Sentencia Sumaria,* con la cual acompañaron una "Certificación sobre titularidad o jurisdicción" emitida el 3 de marzo de 2022. En la misma, el Municipio certificó que la carretera número 140 Km. 49.9 del Bo. Perol de Florida, no pertenece ni es jurisdicción de dicho Municipio.[17]

Por otro lado, destacamos que, como señalamos previamente, en la *Contestación a la Demanda,* el Gobierno de Puerto Rico, en representación del Departamento de Transportación y Obras Públicas (DTOP), aceptó que dicha agencia ostenta la jurisdicción y control de la carretera 140 km. 49.9 del pueblo de Florida.[18] Como mencionamos previamente, conforme lo establecido en el inciso (g) del artículo 1.053 del Código Municipal, *supra,* el Municipio no responde por los daños resultantes de accidentes que ocurran en las carreteras o aceras estatales, máxime, cuando estos *no* ostentan la jurisdicción y control de las mismas.

---

[17] Apéndice 2 del recurso, pág. 11.
[18] Apéndice 8 del recurso, pág. 35.

A la luz de lo antes expuesto, resulta forzoso concluir que, en el caso de marras, el Municipio de Florida no responde por los daños y perjuicios reclamados, máxime, cuando el propio Departamento de Transportación y Obras Públicas, aceptó tener la jurisdicción, el control y el mantenimiento de la vía de rodaje en cuestión. En consecuencia, resolvemos que, erró el foro primario al denegar la *Moción de Desestimación y/o Sentencia Sumaria Parcial* instada por la parte peticionaria.

**IV**

Por los fundamentos que anteceden, se expide el recurso de *certiorari* y se revoca el dictamen recurrido.  Consecuentemente, se desestima la *Demanda* en cuanto al Municipio de Florida.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones