Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III[1]

| MARÍA MERCEDES RODRÍGUEZ NEGRÓN<br><br>Demandante Recurrida<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Demandado Peticionario | KLCE202500509 | Certiorari procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2024CV00387<br>Salón: 804<br>(Daños y Perjuicios)<br><br>Sobre:<br>Caída |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de mayo de 2025.

Comparece MAPFRE PRAICO Insurance Company (MAPFRE o peticionaria) vía *certiorari* y solicita que revoquemos la *Resolución Interlocutoria y Orden* del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 17 de diciembre de 2024. En dicho dictamen, se resolvió sin lugar a la solicitud de desestimación y/o sentencia sumaria parcial de la peticionaria. Por los fundamentos que expondremos, expedimos el auto de *certiorari* y revocamos la *Resolución Interlocutoria y Orden* recurrida.

En síntesis, el caso de epígrafe trata de una demanda por daños y perjuicios contra el Municipio de San Juan (Municipio), el Estado Libre Asociado de Puerto Rico (ELA) y la aseguradora MAPFRE. Según el

---

[1] Mediante la Orden Administrativa DJ-2024-062C emitida el 6 de mayo de 2025 se designó al Hon. Carlos I. Candelaria Rosa, presidente del Panel III, en sustitución del Hon. Félix R. Figueroa Cabán, quien se acogió al retiro el 5 de mayo de 2025.

Número Identificador

SEN2025 _____

expediente, el contrato o póliza de seguros entre MAPFRE y el Municipio indicó, en lo pertinente, que la aseguradora pagaría aquella suma que el asegurado esté legalmente obligado a pagar por daños corporales o propietarios, al igual que dicha aseguradora tendrá la responsabilidad de defender al asegurado en cualquier pleito relacionado a los daños. Además, dispone que MAPFRE no defenderá al Municipio en pleitos en los que la póliza no cubre. Dicha póliza sería válida desde el 30 de junio de 2023 hasta el 30 de junio de 2024.

Posterior a la formalización de la referida póliza, el 16 de noviembre de 2023, la señora María Mercedes Rodríguez Negrón (señora Rodríguez Negrón o recurrida) argumenta que cayó al suelo como consecuencia de la condición de la acera que ubica en la Avenida Ponce de León y, por efecto, propone que sufrió fracturas en varias partes de su húmero derecho. Por tanto, la recurrida reclamó cien mil ($100,000.00) dólares como compensación por las angustias y los sufrimientos experimentados, así como por el impedimento físico residual y cualquiera otro daño secuela del accidente. Posteriormente, la recurrida presentó una Demanda Enmendada para incluir una foto y especificar el lugar del accidente.

Luego de varios trámites procesales y del Municipio solicitar desestimación y/o sentencia sumaria parcial por las aceras ser propiedad estatal, el foro primario dictó *Sentencia Parcial* y tomó a la parte recurrida por desistida, sin perjuicio, en cuanto a la reclamación contra el Municipio. Más adelante, y después de otra variedad de trámites procesales, la señora Rodríguez Negrón solicitó, y el foro de primera instancia autorizó, una tercera enmienda a la demanda para incluir a MAPFRE por ésta ser la aseguradora del Municipio, entre

otros. No obstante, por el ELA aducir que la acera en controversia le pertenece al Municipio, la señora Rodríguez Negrón presentó otra Demanda Enmendada para volver incluir al Municipio en el pleito.

Eventualmente, MAPFRE solicitó desestimación y/o sentencia sumaria parcial por la recurrida carecer de causa de acción contra el Municipio y, en consecuencia, por no existir una reclamación contra la aseguradora. Después del foro recurrido emitir una *Resolución Interlocutoria y Orden*—en la cual determinó sin lugar a la solicitud de MAPFRE y ordenó la continuación de los procedimientos—el Municipio y MAPFRE solicitaron conjuntamente reconsideración, al igual que distintas partes presentaron argumentos sobre la existencia o inexistencia de una causa de acción contra el Municipio y MAPFRE. A consecuencia de todo lo anterior, el Tribunal de Primera Instancia emitió una *Sentencia Parcial y Orden* mediante la cual desestimó con perjuicio la reclamación incoada contra el Municipio, por el supuesto accidente ocurrir en una acera estatal, así como por la inmunidad sobre demandas de daños y perjuicios contra el Municipio en el contexto aquí involucrado.

Asimismo, luego de la peticionaria presentar argumentos adicionales al amparo del Código de Seguros de Puerto Rico, 26 LPRA sec. 101 *et seq.*, y otros estatutos, el foro de primera instancia resolvió sin lugar la petición de reconsideración de MAPFRE y adujo que (1) en una acción directa contra el asegurador, lo que rige es el contrato de póliza, por lo que el asegurador responderá hasta el límite pactado en el contrato; y (2) la inmunidad con relación a una demanda trata de un privilegio, por lo cual es una que no disponible para las aseguradoras.

Insatisfecha, la peticionaria recurre ante este Tribunal y alega que el foro primario erró al (1) determinar que MAPFRE debe permanecer en el pleito mediante acción directa a pesar de haberse decretado la inexistencia de una causa de acción contra su asegurado; y (2) determinar que no procede extender la inmunidad del municipio como defensa en la acción directa contra la aseguradora, a pesar de la ausencia clara de responsabilidad legal de su asegurado. En oposición, la recurrida argumenta que (1) el Municipio no quedó relevado de mantener la acera donde ocurrió el alegado accidente; (2) la inmunidad que le cobija a un municipio no prohíbe la radicación de una acción directa contra su aseguradora; y (3) las aseguradoras no pueden aducir la defensa de inmunidad gubernamental.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. *BPPR v. Gómez Alayón et al.*, 213 DPR 314 (2023) (citando a *IG Builders et al. v. BBVAPR*, 184 DPR 307 (2012)); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491); *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de *Procedimiento Civil*. Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V). Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma

constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Véase, también, *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021) (citando a *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000); *Meléndez v. Caribbean Int'l News*, 151 DPR 649 (2000)).

De su parte, el mecanismo procesal de la sentencia sumaria se rige por la Regla 36 de *Procedimiento Civil* y tiene como finalidad la solución justa, rápida y económica de litigios civiles que no contengan controversias genuinas de hechos materiales. Véase Regla 36 de Procedimiento Civil, *supra*; *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023) (citando a *Segarra Rivera v. Int'l. Shipping et al.* 208 DPR 964 (2022)). Así, la Regla 36.2 permite que cualquiera de las partes pueda solicitar que se dicte sentencia sumaria sobre la totalidad o sobre cualquier parte de una reclamación. Regla 36.2 de Procedimiento Civil, *supra*. Véase, también, *Torres Pagán et al. v. Mun. de Ponce,* 191 DPR 583 (2014). A su vez, se ha establecido que el peticionario debe establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, es decir, suficiente para que sea necesario dirimirlo en un juicio plenario. Regla 36.1 de Procedimiento Civil, *supra*; *Oriental Bank v. Caballero García*, 212 DPR 671 (2023) (citando a *Mun. de Añasco v. ASES et al.*, 188 DPR 307 (2013)). Véase, también, *Ramos Pérez v. Univisión,* 178 DPR 200 (2010) (citando a *Luan Invest. Corp. v. Rexach Const. Co.*, 152 DPR 652 (2000)).

Asimismo, la Regla 36 regula la oposición a que se dicte sentencia sumaria, la cual debe citar específicamente los párrafos enumerados que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. Regla 36.3(b)(2) de Procedimiento Civil, *supra*. Como se puede apreciar, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones. *Roldán Flores v. M. Cuebas et al*., 199 DPR 664 (2018) (citando a *Rodríguez Méndez et al. v. Laser Eye*, 195 DPR 769 (2016); *Ramos Pérez v. Univisión, supra*). En la medida en que meras afirmaciones no bastan para derrotar una solicitud de sentencia sumaria, la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados. Íd.; *Ramos Pérez v. Univisión*, *supra*.

En cuanto al estándar de revisión aplicable, el Tribunal de Apelaciones utilizará los mismos criterios que el foro de primera instancia al determinar la correspondencia de la sentencia sumaria, aunque limitado a considerar aquellos documentos presentados en el foro primario y obligado a cumplir con la Regla 36.4 de Procedimiento Civil, *supra*. Debemos, por tanto, examinar *de novo* el expediente y verificar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma; luego, revisar si en realidad existen hechos materiales en controversia y, de encontrar que los hechos materiales realmente están incontrovertidos, revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015).

De otra parte, unos de los fundamentos para solicitar la desestimación de una demanda es que esta no expone una reclamación que justifique la concesión de un remedio o no existe jurisdicción sobre la materia. Regla 10.2(5) de Procedimiento Civil, *supra*. Ante el primer planteamiento, la desestimación solo procede cuando se demuestra que la parte demandante no tiene derecho a remedio alguno bajo cualquier estado de Derecho que se pueda probar. *Rivera Candela et al. v. Universal Insurance Company*, 2024 TSPR 99, 214 DPR ____ (2024) (citando a *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384 (2022)). Por ello, se debe considerar los hechos bien alegados de la manera más favorable al demandante, y al resolver toda duda a favor de éste, si la demanda es suficiente para constituir una reclamación válida. Íd. (citando a *Cobra Acquisitions v. Mun. de Yabucoa et al.*, *supra*; *Casillas Carrasquillo v. ELA*, 209 DPR 240 (2022)). No obstante, la solicitud de desestimación se dirige únicamente a los méritos de la controversia y no a los aspectos procesales del caso. *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70 (2023) (citando a *Montañez et al. v. Hosp. Metropolitano*, 157 DPR 96 (2002)).

Por otro lado, la jurisdicción sobre la materia es la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal, por lo cual la ausencia de esta no es susceptible de ser subsanada, al igual que las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela. *Cobra Acquisitions v. Mun. de Yabucoa et al.*, *supra* (citando a *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018)). Por tanto, de un tribunal determinar que carece de jurisdicción sobre la materia, solo puede declararlo así y desestimar

el caso. Íd. (citando a *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020); *Lozada Sánchez et al. v. JCA*, 184 DPR 898 (2012)).

Sin embargo, cuando una moción de desestimación se fundamenta en la Regla 10.2(5) de Procedimiento Civil, *supra*, expone materias no contenidas en la alegación impugnada y el tribunal no las excluye, dicha moción deberá considerarse como una solicitud de sentencia sumaria. Regla 10.2 de Procedimiento Civil, *supra*; *Sánchez v. Aut. de los Puertos*, 153 DPR 559 (2001). Tal conversión puede ocurrir cuando una de las partes, sea el promovente o el promovido, somete materia que no formó parte de las alegaciones, como deposiciones, admisiones, certificaciones y contestaciones a interrogatorios. *Torres Capeles v. Rivera Alejandro*, 143 DPR 300 (1997) (citando a 5A Wright and Miller, Federal Practice and Procedure: Civil 2d Sec. 1366 (1990)). Claro, el tribunal tendrá discreción para conceder la conversión, tomando en consideración si la materia ofrecida y la conversión subsiguiente facilitarían o no la disposición del asunto ante su consideración. Íd. (citando a Wright and Miller, *op. cit.*). De considerarse la solicitud como una de sentencia sumaria, todas las partes deberán tener una oportunidad razonable de presentar toda la materia pertinente a tal moción. Regla 10.2 de Procedimiento Civil, *supra*.

Ahora bien, toda aseguradora que expida una póliza asegurando a una persona contra daños o perjuicios, por causa de responsabilidad legal por lesiones corporales, muerte o daños a la propiedad de una tercera persona, será responsable cuando ocurra una pérdida cubierta por dicha póliza. Art. 20.010 del Código de Seguros, 26 LPRA sec. 2001. El pago de dicha pérdida por el asegurador hasta el grado de su

responsabilidad por la misma no dependerá del pago que efectúe el asegurado en virtud de sentencia firme dictada contra él con motivo del suceso, ni dependerá de la referida sentencia. Íd.

A esos efectos, el perjudicado por un asegurado tendrá la opción de instar una acción directa contra el asegurador conforme a los términos y limitaciones de la póliza, acción que podrá ejercitar contra el asegurador solamente o contra éste y el asegurado conjuntamente. Íd., sec. 2003. Esta acción contra el asegurador será distinta y separada de la causa de acción que pudiese tener un perjudicado contra el asegurado, aunque el asegurador estará impedido de interponer aquellas defensas del asegurado basadas en la protección de la unidad familiar u otras inmunidades similares que estén reconocidas en el ordenamiento jurídico de Puerto Rico. Íd. *SLG Albert-García v. Integrad Asrn.*, 196 DPR 382 (2016). Del perjudicado entablar una demanda contra el asegurado solamente, no se estimará por ello que se le prive del derecho de sostener acción contra el asegurador y cobrarle luego de obtener sentencia firme contra el asegurado, subrogándose a los criterios de la póliza acordada. Art. 20.030 del Código de Seguros, *supra*. Asimismo, el asegurador solo será responsable—según disponga la póliza—si el asegurado ha sido culposo o negligente. *SLG Albert-García v. Integrad Asrn.*, *supra*.

En relación con acciones torticeras contra municipios, es claro que nuestro ordenamiento no autoriza las acciones contra un municipio de Puerto Rico por daños y perjuicios a la persona o la propiedad por acto u omisión de un funcionario, agente o empleado de cualquier municipio con respecto a accidentes que acontezcan en las carreteras o aceras estatales. En tales casos, el reclamante no tendría una causa de

acción contra dicha entidad. Art. 1.053 del Código Municipal, 21 LPRA sec. 7084; *González Meléndez v. Municipio Autónomo de San Juan*, 212 DPR 601 (2023).

No obstante, es menester mencionar que la Exposición de Motivos de la Ley Núm. 143-2019 (2019 [Parte 2] Leyes de Puerto Rico 2018) expresó que el añadir el inciso (g) al Artículo 15.005 de la *Ley de Municipios Autónomos de Puerto Rico*, Ley Núm. 81-1991 (21 LPRA ant. sec. 4001 *et seq.*)—es decir, la prohibición de demandar a un municipio por accidentes ocurridos en las carreteras o aceras estatales—tenía el propósito de, entre otros, evitar un aumento sustancial en los costos por concepto de seguros de responsabilidad pública. Esta enmienda fue incluida en el Art. 1.053 del Código Municipal, *supra*, la cual derogó la *Ley de Municipios Autónomos*. Asimismo, cuando no existe una causa de acción contra el municipio, no puede venir a responder un asegurador, ya que no se puede extender el contrato de seguros para cubrir una responsabilidad que no tiene el asegurado. *Admor. FSE v. Flores Hnos. Cement Prods.*, 107 DPR 789 (1978).

Por otro lado, la obtención de un seguro de responsabilidad por el ELA, sus dependencias o entidades, y por los municipios y otras subdivisiones políticas, no constituirá ni se estimará que constituye una renuncia de inmunidad gubernamental. Art. 20.050 del Código de Seguros, 26 LPRA sec. 2004. Más aun, las pólizas de seguro deberán disponer que el asegurador no podrá aducir la defensa de inmunidad gubernamental en ninguna acción incoada contra el asegurador con arreglo a dicha póliza o en virtud de esta. Íd. De hecho, las reclamaciones contra los municipios por daños y perjuicios a la persona

o la propiedad, causados por culpa o negligencia de los municipios, no podrán exceder de la cantidad de setenta y cinco mil ($75,000.00) dólares o, en reclamaciones de daños y perjuicios a más de una persona o sean varias las causas de acción, ciento cincuenta mil ($150,000.00) dólares. Art. 1.052 del Código Municipal, 21 LPRA sec. 7083. Véase, también, Art. 2 de la Ley Núm. 104 de 29 de junio de 1955 (32 LPRA sec. 3077). A razón de ello, la jurisprudencia federal ha interpretado el Artículo 20.050 del Código de Seguros, *supra*, como una manera de evitar cualquier renuncia municipal a la inmunidad gubernamental en casos en los cuales el remedio monetario por el daño excede los límites y la póliza disponible. *Rodríguez v. Maryland Cas. Co.*, 369 F. Supp. 1144 (D.P.R. 1971) (*Memorandum Opinion*). De la póliza exceder la cantidad de setenta y cinco mil ($75,000.00) dólares o ciento cincuenta mil ($150,000.00) dólares, estos límites estatutarios no se aplicarán. *Mintatos v. Municipality of San Juan*, 322 F. Supp. 2d. 143 (D.P.R. 2004) (*Opinion and Order*).

En el presente caso, el Tribunal de Primera Instancia erró al mantener a la peticionaria como codemandada en el pleito. Del expediente y de nuestro ordenamiento se desprende que por virtud de ley y determinación de hechos del Tribunal de Primera Instancia no existe causa de acción contra el Municipio por haber ocurrido el accidente reclamado en las aceras estatales. Ergo, la inexistencia de una causa de acción contra el Municipio comporta que MAPFRE no tenga un pleito al cual responder mediante su póliza. Esto, desde luego, porque nuestro ordenamiento presume la existencia de una causa de acción contra el municipio para que la parte perjudicada tenga la opción de presentar una acción directa contra la aseguradora. En este sentido,

más que la inmunidad no reclamable por la aseguradora por exención privilegiada o ausencia de autorización contra la protección general del estado, aquí lo que acontece es una ausencia de responsabilidad estatutaria derivada del lugar donde se alega aconteció el hecho en disputa.

Por los fundamentos expresados, expedimos el auto de *certiorari* y revocamos la *Resolución Interlocutoria y Orden* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones