Jose Santiago **RODRIGUEZ**, et al.,
Plaintiffs,

v.

**MARYLAND CASUALTY COMPANY,**
Defendant.

Civ. No. 246–70.

United States District Court,
D. Puerto Rico.

Feb. 23, 1971.

Charles A. Cordero, San Juan, P.R., for plaintiffs.

Francisco Agrait Oliveras, San Juan, P.R., for defendant.

## MEMORANDUM OPINION

BOWNES,* District Judge.

This is a medical malpractice case brought under the direct action statute of Puerto Rico against the Maryland Casualty Company which insures the Municipal Hospital of Yauco, Puerto Rico, its staff, and employees. There are two preliminary issues to be decided prior to trial:

1. The amount of insurance coverage available under the insurance policy; the defendant claims coverage in the amount of $15,000, the plaintiffs claim coverage in the amount of $75,000; and

2. Whether under the Municipal Immunity Act of Puerto Rico, Title 21, section 1603(a), Laws of Puerto Rico Annotated, the amount of damages is limited to $30,000.

At a pre-trial hearing on February 17, 1971, counsel were directed to furnish memoranda on these issues. Attorney Charles A. Cordero requested an oral hearing and one was set for February 22nd at 11:00 A.M. At the time set for the hearing, Attorney Francisco Agrait Oliveras, representing the defendant, was present, as was Attorney Jesus E. Santigo Rosado, representing the plaintiffs. Attorney Cordero was not present. Attorney Agrait Oliveras and Santigo Rosado waived oral argument and the matter was submitted on the written memoranda filed.

I hold that under the terms of the insurance policy the amount of coverage available is $75,000.

It is alleged that Virginia Mercado Caraballo died as a result of the negligence of the medical staff and employees of the Municipal Hospital of Yauco, Puerto Rico. Mrs. Caraballo left her husband, nine minor children, and one daughter over twenty-one years of age.

* Sitting by designation.

Claims have been brought by the widower, individually and on behalf of each minor child, and by the daughter of legal age. It is clear, therefore, that there are eleven claims arising from the death of Virginia Mercado Caraballo.

The insurance policy names the insured as "Municipalities of Puerto Rico, C/O Bureau of Public Insurance." There are forty-two municipalities included under the insurance policy. The "Limits of Liability" vary as to each municipality, and in San Juan vary as to the different hospitals included. In some instances, the limits of liability are 25/75,000 (San Juan, Caguas), in others 50/100,000 (Cabo Rojo), in some 15/30,000 (Culebra, Hatillo), and in the case of Yauco, 15/75,000. It seems evident that each municipality determined the amount of its policy coverage.

The policy defines "Limits of Liability" as follows:

> Regardless of the number of insureds under this insurance the company's liability is limited as follows:
>
> The limit of liability stated in the declarations as applicable to "each claim" is the limit of the company's liability for all damages because of each claim or suit covered hereby. The limit of liability stated in the declarations as "aggregate" is, subject to the above provision respecting "each claim", the total limit of the company's liability hereunder for all damages.

The defendant's position is that "the aggregate of $75,000 is the total sum of the policy for the entire year in which it is in force and if the aggregate is paid in different cases before the year has run, then the municipality has to buy new coverage through the payment of new premiums."

There is no specific provision or language in the policy stating that the "Limits of Liability" apply to the aggregate of all claims. In fact, the policy states the contrary:

> The limit of liability stated in the declarations as applicable to "each

claim" is the limit of the company's liability for *all damages because of each claim or suit covered hereby.*

The policy further provides under the title "Amended Definition":

> When used in reference to this insurance "damages" means all damages, including damages for death, which are payable because of injury to which this insurance applies.

■ This court knows of no insurance practice or custom in which the term "Limits of Liability" is interpreted as the defendant urges. Neither has the court been able to find any case to support such an interpretation.

The court rules that the "Limits of Liability" as to the municipality of Yauco is $15,000 for each claim up to a limit of $75,000, which is the total sum for which the defendant may be held liable in this case.

. . . . . .

I hold that the $30,000 limit of damages, Title 21, section 1603(a), Laws of Puerto Rico Annotated, does not apply to this defendant.

■ This limit applies to municipalities only. It is for the benefit and protection of municipalities. It was not intended to apply to or benefit insurance carriers. Section 1603(a) of Title 21 represents a departure from the old and, in my opinion, unfair doctrine of absolute governmental immunity. The Legislature, undoubtedly, had good reason for limiting damages in tort actions against municipalities to $30,000, but it certainly was not to minimize insurance coverage. Section 1603(a) of Title 21 must be read in conjunction with section 2004 of Title 26 which provides:

> § 2004. Liability insurance on public bodies
>
> (1) The securing of liability insurance by the Commonwealth of Puerto Rico, its agencies and instrumentalities, and by municipalities and other political subdivisions, shall not constitute or be deemed to constitute a waiver of governmental immunity, if

any, from liability for torts committed by governmental agents and employees, except to the extent of the collectible indemnity actually provided by such insurance as to a particular occurrence; provided, that such waiver of immunity shall not be deemed to exist as to any suit against any such governmental entity, named as a party defendant, unless so stipulated therein by such entity.

(2) All such insurance policies shall provide that the insurer shall not assert the defense of governmental immunity in any action brought against the insurer under or by virtue of such policy.

(3) The insurer shall have no right of subrogation against any governmental entity, its agents and employees, insured under such a policy by virtue of any loss paid by the insurer under the policy.

The defendant suggests, however, that because the Municipality of Yauco authorized it to interpose the defense of partial liability immunity (Title 21, section 1603(a)), that defense is now available to it.

Section 2004 of Title 26 cannot be flouted in this way. The purpose of this statute was to prevent any waiver of immunity by a municipality in those cases where the damage might exceed both the immunity limits of $30,000 and the available insurance coverage. The clause in the policy relative to immunity of the insured states:

1.—The Company agrees that it will not use, either in the adjustment of claims or in the defense of suits against the insured, the immunity of the insured from tort liability, unless requested by the insured to interpose such defense.

It is obvious that the purpose of this clause is to conform the policy to the provisions of Title 26, section 2004, Laws of Puerto Rico Annotated. This clause was not intended to put the insurance company in the shoes of the municipality, and could not do so if such were

the intent. This is particularly so where the municipality has bought insurance in excess of its immunity limits.

In Garcia v. Northern Insurance Co., 92 D.P.R. 245, the Supreme Court of Puerto Rico held that the ninety day accident notice requirement relative to claims against municipalities could not be invoked by an insurance carrier since this requirement was for the benefit and protection of the municipality. The reasoning of that case applies with full vigor to Title 21, section 1603(a).

The $30,000 limit on damages in suits against municipalities cannot be invoked by an insurance carrier. The defendant in this case may be held liable up to the total amount of $75,000.

So ordered.