**Dr. Savvas MINTATOS Maria Mintatos and Savvas Mintatos, P.C. Plaintiffs**

**v.**

**MUNICIPALITY OF SAN JUAN ACE Insurance Company John Doe and ABC Insurance Company Defendants**

**No. CIV. 03–1723CCC.**

United States District Court, D. Puerto Rico.

March 17, 2004.

Lic. David Fernández–Esteves, Old San Juan, PR, for Plaintiff.

Lic. Francisco E. Colón–Ramírez, San Juan, PR, for Defendant.

## OPINION AND ORDER

CEREZO, District Judge.

This is diversity action arising from a trip and fall accident suffered by Dr. Savvas Mintatos on Vendig Street in the Condado section of San Juan. He, his wife and his professional service corporation have sued the Municipality of San Juan and its insurer, ACE Insurance Corporation, for alleged damages arising from the incident.

The case is now before us on defendants' Motion to Dismiss filed January 23, 2004 (docket entry 14). Plaintiffs opposed the motion on February 5, 2004 (docket entry 15) and defendants replied (docket entry 17).[1] Defendants raise several arguments in favor of dismissal, to wit:

1. The complaint against the Municipality of San Juan must be dismissed because recovery by each plaintiff is limited by law to $75,000.00, and, therefore, does not meet the jurisdictional amount requiring that it *exceed* $75,000.00.

2. Plaintiffs' action against the Municipality of San Juan is barred because they failed to comply with the statutory requirement of giving notice within 90 days after having knowledge of the damages.

3. The Municipality's statutory cap on damages precludes recovery against ACE in excess of the cap, in light of the language in ACE's policy.

4. Because plaintiffs forfeited their claim against the Municipality by failing to comply with the 90 day notice requirement, ACE is not liable to plaintiffs.

5. Savvas Mintatos, P.C. lacks a cause of action in this case.

As to defendants' contentions 1 and 2 stated above, *Aetna Life and Casualty Co. v. Americana of Puerto Rico*, 103 D.P.R. 681 (1975), which deals with the Innkeepers Act, does not lend support to their position. The present case is governed by *Rodriguez v. Maryland Casualty Company*, 369 F.Supp. 1144, (D.Puerto Rico 1971), a case directly on point which establishes the relationship between the statutory limit on a municipality's liability and the waiver of the immunity limit to the extent that the municipality "has bought insurance in excess of its immunity limits." *Id.*, at 1146. As provided in 21 L.P.R.A. § 4704,[2] the Law of Autonomous Munici-

---

1. The Motion for Leave to Reply (docket entry 16) is GRANTED. Therefore, the Reply (docket entry 17) will be considered. Defendants' are admonished that, when requesting leave to file a reply, the reply must be tendered as an attachment and not docketed. The court will docket the reply if leave is granted.

2. Defendants refer to this provision using the derogated 21 L.P.R.A. § 1603 which was the

palities, "[C]laims against municipalities for personal or property damages caused by the fault or negligence of the municipality shall not exceed the amount of $75,000.00." However, the Insurance Code of Puerto Rico, 26 L.P.R.A. § 101 et. seq. allows for a waiver of this immunity limit. As held in *Rodríguez v. Maryland Casualty Company*, supra, at 1145 (D. Puerto Rico 1971), Bownes, J., sitting by designation, the statutory cap provision on municipality liability must be read in conjunction with 26 L.P.R.A. § 2004, which provides:

> (1) The securing of liability insurance by ... municipalities ... shall not constitute or be deemed to constitute a waiver of governmental immunity, if any, from liability for torts committed by governmental agents and employees, **except to the extent of the collectible indemnity actually provided by such insurance as to a particular occurrence**; Provided, That such waiver of immunity shall not be deemed to exist as to any suit against any such governmental entity, named as a party, unless so stipulated therein by such entity.
>
> (2) All such insurance policies shall provide that the insurer shall not assert the defense of governmental immunity in an action brought against the insurer under or by virtue of such policy.
>
> (3) The insurer shall have no right of subrogation against any governmental entity, its agents and employees, insured under such a policy by virtue of any loss paid by the insurer under the policy.

(Our emphasis.)

The purpose of § 2004 of Title 26 was to prevent any waiver of immunity by a municipality in those cases where the damage might exceed both the immunity limits of [$75,000] [3] and the available insurance coverage. *Id.*, at 146. In this case the collective indemnity provided by the policy as to a particular occurrence is $1,000,000. Therefore, the $75,000 statutory cap established by § 4704 is not applicable. The insurer can be held liable up to $1,000,000 per occurrence pursuant to the terms of the policy and the statutory language of § 2004.

Defendants also contend that the action is barred because plaintiffs failed to comply with the 90 day statutory notice requirement. 21 L.P.R.A. § 4703, which provides as follows

> Any person who has a claim of any kind against a municipality for personal or property damages due to the fault or negligence of the municipality shall so notify the Mayor, in writing, stating clearly and concisely the date, place, cause, and general nature of the damages suffered. Said notification shall also specify the amount of monetary compensation or the kind of relief appropriate for the damages suffered, the names and addresses of his/her witnesses, the claimant's address and, in cases of personal damages, the place where medical treatment was first received.
>
> (a) *Form and time period to serve notification*- Said notification shall be presented to the Mayor either by certified mail or personally, or in any other authentic manner recognized in law.
>
> Said written notification shall be presented to the Mayor within ninety (90) days of date on which the claimant learned of the damages claimed. If the claimant is mentally or physically unable

statutory provision in effect when *Maryland Casualty Company* was decided.

**3.** The $30,000 maximum established by statute when *Maryland Casualty Company* was decided has been raised to $75,000.

to make said notification with the term established above, he/she shall not be bound to comply with it, but must make said notification within thirty (30) days of the date on which the disability ends.

■ The requisite of written notification to the municipality was first established in the Municipal Law of 1960, and has remained in the various revisions of the law. The notification requirement, although of strict compliance, is not absolute and permits exceptions. The conditions limiting the right of persons to request reparations must be interpreted restrictively. *See Passalacqua v. Municipio De San Juan*, 116 D.P.R. 618, 1985 WL 301212 (1985); *Insurance Co. of Puerto Rico, supra*, at 174.

Under this section plaintiffs must specify the basis of the claim and must state the name and address of any witnesses. Defendants claim that since the section also provides that "no legal action of any kind shall be initiated against a municipality for damages due to negligence unless written notification is made in the form, manner and terms provided in this subtitle," 21 L.P.R.A. § 4703(b),the failure to comply constitutes a jurisdictional bar. The Supreme Court of Puerto Rico, however, rejected this argument in *Insurance Co. of Puerto Rico v. Ruiz–Morales*, 96 D.P.R. 164, 176, 1968 WL 17227 (1968). In its discussion applicable to the notice requirement to municipalities, the Court ruled that "although it is of strict compliance, the notice is not a strictly jurisdictional requirement." *Id.*, at 174, 1968 WL 17227. Discussing the analogous notice requirement for the Commonwealth, which is almost identical to the one for the municipalities, the Court in *Loperena Irizarry v. Estado Libre Associado de Puerto Rico*, 106 D.P.R. 359, 1977 WL 50793 stated:

"Our jurisprudence has been constant in holding that prior notification to the State in claims for damages based on negligence ... although a requisite of strict compliance, does not reach the rank of a jurisdictional condition precedent."

(Our translation.)

In *Ruiz Morales, supra*, the Supreme Court placed the notice requirement for the municipality in its proper context: "Notice is an essential element of the plaintiff's claim which must be alleged and proved, but the failure to allege and prove it must be raised as any other unprivileged defense." The Court there held that defendant could not avail itself of the defense when untimely raised.

■ Additionally, in a responsive pleading, a party must set forth affirmatively all the defenses enumerated in Federal Rule of Civil Procedure 8(c), and "any other matter constituting an avoidance or affirmative defense." 2 Moore's Federal Practice 3rd Ed. § 8.07[1]. On occasion an affirmative defense may be raised even before a responsive pleading is presented; however even though an affirmative defense may be raised in a pre-answer motion, there is authority for the proposition that the defense may not be raised in a postanswer motion unless the defense was first pleaded in the answer. *See* 2 Moore's, *supra*, at § 8.07[2]. We, therefore, find that because the Municipality failed to raise notice requirement in its answer to the complaint, the same is deemed waived.

Finally, the plaintiffs have not opposed defendants' argument that SAVVAS MINTATOS, P.C. lacks a cause of action in this case. A review of the complaint demonstrates that the corporate entity is claiming some of the same losses which Mintatos has already sought. Accordingly, the unopposed request for dismissal of the corporation's claim is granted.

For the above stated reasons, the Motion to Dismiss (docket entry 14) is GRANTED as to the claims brought by SAVVAS MINTATOS P.C., which are hereby DISMISSED, and DENIED as to the remainder of the complaint.

SO ORDERED.