ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ELIZABETH MORALES MÉNDEZ<br><br>Apelado<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE SAN JUAN Y OTROS<br><br>Apelante | TA2026AP00093 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Número: SJ2025CV06293<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de marzo de 2026.

Comparece MAPFRE PRAICO Insurance Company (MAPFRE o apelante) como aseguradora del Municipio Autónomo de San Juan (Municipio), y solicita la revocación de la *Sentencia Parcial,* emitida el 1 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro de instancia).[1]

Mediante su dictamen, el foro primario declaró *Ha Lugar* una *Moción de Sentencia Sumaria,* y desestimó la causa de acción presentada en cuanto al Municipio, pero denegó la desestimación solicitada por MAPFRE y así la mantuvo como parte demandada en el pleito, conforme a los límites y condiciones de la póliza correspondiente.

Por los fundamentos que exponemos a continuación, revocamos el dictamen apelado, únicamente a los fines de

---

[1] Sistema Unificado de Administración y Manejo de Casos (SUMAC) TA, Entrada Núm.1, Apéndice 20.

desestimar con perjuicio la causa de acción presentada contra MAPFRE, sin alterar el resto de la disposición.

**I.**

El 10 de julio de 2025, la señora Elizabeth Morales Méndez (Morales Méndez o apelada) presentó una *Demanda* por daños y perjuicios contra el Municipio Autónomo de San Juan y MAPFRE, como su aseguradora. En síntesis, alegó que, el 1 de octubre de 2023, sufrió una caída en la acera que discurre frente al edificio ubicado en el 701 Avenida Juan Ponce de León, San Juan. En particular, mientras caminaba por dicha acera tropezó con una o varias losas de cemento (adoquines o *pavers*), que sobresalían por encima de las demás losas. Indicó que, para la fecha de la caída, el Municipio ejercía control y dominio sobre la acera, evidenciado por la colocación de las losas de cemento. Sostuvo, además, que dicho accidente se debió a la negligencia del Municipio por no darle el mantenimiento adecuado a sus aceras, e incluyó a MAPFRE, como su aseguradora, para cubrir los daños sufridos por la demandante.

Añadió que, debido a este tropiezo, sufrió una caída que le provocó golpes en su mano, cadera y rodilla izquierda, por lo que fue trasladada a un hospital donde permaneció por más de 13 horas recibiendo tratamiento. Fue diagnosticada con una fractura compleja en la muñeca que requirió cirugía correctiva en donde se le implantó una placa de titanio con trece tornillos. Indicó que, recibió múltiples terapias, aunque no ha recobrado completamente la movilidad de su mano izquierda. Sostuvo que ha sufrido dolor, movilidad limitada y sensibilidad extrema, lo cual le ha impedido o dificultado realizar sus actividades cotidianas como acostumbraba previo a su caída.

A pesar de que los daños reclamados son producto de un incidente ocurrido el 1 de octubre de 2023 y la *Demanda* fue presentada el 10 de julio de 2025, se notificó al Municipio una

reclamación extrajudicial, mediante correo certificado con acuse de recibo, el 12 de julio de 2024, la cual fue referida a MAPFRE.[2]

Tras haber sido emplazados conforme a derecho, el 6 de octubre de 2025, MAPFRE y el Municipio presentaron *Moción de Sentencia Sumaria,* acompañada de una *Certificación* de la Oficina de Tránsito del Departamento de Operaciones y Ornato de dicha dependencia.[3] En síntesis, negaron responsabilidad legal por todas las alegaciones en su contra, toda vez que, la acera en donde se produjo la caída de la señora Morales Méndez, se encuentra en la Avenida Ponce De León y la misma no está bajo la jurisdicción del Municipio, esto según se desprende de la *Certificación.*[4]

Arguyeron en vista de que la Avenida Ponce De León es una carretera estatal, el Municipio posee inmunidad en cualquier acción por daños y perjuicios en su contra, en virtud de lo dispuesto en el Artículo 1.053(g) del Código Municipal, Ley Núm. 107-2020, 21 LPRA sec. 7084.[5] Así pues, razonaron que, como la parte demandante no tiene causa de acción en contra del Municipio, la *Demanda* debía ser desestimada en cuanto al Municipio y en cuanto a MAPFRE como aseguradora de este. Respecto a la solicitud de desestimación de MAPFRE, se aclaró que para que un tercero pueda ir contra la aseguradora, el asegurado debe haber incurrido en actos que activen las cubiertas contenidas en la póliza. Ello implica que el

---

[2] MAPFRE le asignó el número de reclamación 20241775683.
[3] SUMAC TA, Entrada Núm.1, Apéndice 10.
[4] En dicha *Certificación,* con fecha del 21 de febrero de 2025, se declara lo siguiente: "Se ha realizado una búsqueda en el archivo físico y digital de nuestro Departamento sobre la servidumbre de paso (esto incluye sus aceras y áreas verdes) de la Avenida Ponce De León P.R. 25 y no se encontró evidencia de que esta vía de rodaje es del Municipio Autónomo de San Juan. La Avenida Ponce De León P.R. 25 es una servidumbre de paso del Departamento de Transportación y Obras Públicas (DTOP) del Estado Libre Asociado de Puerto Rico y el lugar del alegado accidente está dentro de esta servidumbre".
[5] En el referido artículo, *Acciones por Daños y Perjuicios No Autorizadas,* se dispone: "No estarán autorizadas las acciones contra el municipio por daños y perjuicios a la persona o la propiedad por acto u omisión de un funcionario, agente o empleado de cualquier municipio:
    (a) ...
    (b) ...

    (g) Cuando ocurran accidentes en las carreteras o aceras estatales.

asegurador solo será responsable si el asegurado ha sido culposo o negligente.

En respuesta, el 27 de octubre de 2025, la señora Morales Méndez presentó su *Oposición a Moción de Sentencia Sumaria*.[6] Razonó que, procedía la continuación de los procedimientos por existir controversia real y sustancial sobre hechos esenciales. En particular, que la *Certificación* presentada por el Municipio, no establecía fehacientemente que dicha dependencia no ejerce el control y dominio de la acera, por tanto, era insuficiente. Por otro lado, planteó que las codemandadas no atendieron en su escrito las alegaciones de negligencia por sus propias actuaciones, en cuanto a quién colocó e instaló las losas de cemento que provocaron la caída de la demandante. Concluyó toda vez que, no se había llevado a cabo el descubrimiento de prueba, resultaba imposible para la demandante contar con suficiente evidencia para rebatir la mera alegación de que la vía en cuestión no le pertenece al Municipio.

Por otra parte, MAPFRE y el Municipio presentaron *Réplica a Oposición,* en donde se reiteró que la Avenida Ponce De León es una carretera estatal y que los Municipios, en virtud del Código Municipal y lo resuelto en *González Meléndez v. Municipio Autónomo de San Juan,* 212 DPR 601 (2023), poseen inmunidad absoluta por accidentes que ocurran en carreteras estatales. Por lo cual, el Tribunal debía dictar sentencia sumaria a su favor.

Así las cosas, el 1 de diciembre de 2025, el TPI emitió una *Sentencia Parcial*, notificada el mismo día, mediante la cual dispuso que no existía controversia sobre los siguientes hechos:

1. La parte demandante alega que sostuvo una caída el 1ro de octubre de 2023 en la acera de la Avenida Ponce De León, en el Municipio de San Juan.

2. La acera en donde ocurrió el accidente y a la que hace referencia en la demanda forma parte de la Avenida Ponce De León.

---

[6] SUMAC TA, Entrada Núm.1, Apéndice 12.

3. Según la Certificación emitida por el Sr. Eddie N. De León Pérez, Ayudante Administrativo de la Oficina de Tránsito del Departamento de Operaciones y Ornato del Municipio Autónomo de San Juan, la Avenida Ponce De León, PR 25, es una servidumbre de paso del Departamento de Transportación y Obras Públicas del Estado Libre Asociado de Puerto Rico.[7]

En virtud de estos hechos, el foro primario resolvió que, a tenor con el precedente del Tribunal Supremo en *González Meléndez v. Municipio Autónomo de San Juan,* supra, aun en los casos en que un municipio tenga responsabilidad sobre una acera que colinda con una vía estatal, dicho municipio goza de inmunidad absoluta por virtud del artículo 1.053(g) del Código Municipal, 21 LPRA sec. 7084, *supra.* En vista de lo anterior, el Tribunal determinó que, aunque pudiese existir una controversia genuina sobre la titularidad o el mantenimiento de la acera, tal controversia resulta académica en cuanto al Municipio, pues, aun asumiendo que tuviese control sobre el lugar de los hechos, la inmunidad que le concede la ley es absoluta en casos como el que nos ocupa.

Ahora bien, el TPI razonó que, la doctrina aplicable no permite extender dicha inmunidad al asegurador, es decir, MAPFRE. Citó el Artículo 20.050 del Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957, 26 LPRA sec. 2004, el cual establece que las pólizas expedidas a favor de municipios deben contener una cláusula que impida al asegurador invocar la defensa de inmunidad gubernamental en una acción directa.[8] Consideró que la acción presentada contra MAPFRE es una acción directa reconocida por el Artículo 20.030 del citado cuerpo legal, y su responsabilidad se limita al monto de la cobertura contratada.

---

[7] *Íd.,* Apéndice 20.

[8] En el referido artículo, *Seguro de Responsabilidad sobre Entidades Públicas,* se dispone:

    (1) ...

    (2) Todas dichas pólizas de seguro deberán disponer que el asegurador no podrá aducir la defensa de inmunidad gubernamental en ninguna acción incoada contra el asegurador con arreglo a dicha póliza o en virtud de la misma.

    (3) ...

En su pronunciamiento, el TPI destacó que dicha normativa pretende garantizar al perjudicado su acceso a una indemnización hasta el límite de la cubierta provista por la póliza. Indicó, la acción directa contra el asegurador es sustantiva y autónoma. Fundamentó su razonamiento en los casos *SLG Albert-García v. Integrand Asrn.*, 196 DPR 382 (2016), *Mintatos v. Municipality of San Juan*, 322 F. Supp. 2d 143 (2004), y *Rodríguez v. Maryland Casualty Co.*, 369 F. Supp. 1144 (1971), los cuales establecen que la inmunidad gubernamental no puede invocarse por el asegurador para evitar su obligación bajo el contrato de seguro.

Por otro lado, señaló que en contextos fuera de la responsabilidad gubernamental, el Tribunal Supremo ha sido enfático en que las defensas personales o privilegios concedidos por ley a los asegurados no se transmiten a sus aseguradoras. Lo anterior, aplicado en *Aetna Life & Cas. Co. v. Americana of P.R.*, 103 DPR 681 (1975), al rechazar que una exención de responsabilidad aplicable al asegurado pueda beneficiar al asegurador, por tratarse de un privilegio que no trasciende al tercero. Por último, el foro primario adujo que la jurisprudencia interpretativa es clara al sostener que el asegurador no puede escudarse en la inmunidad de su asegurado, por lo cual, procedía que MAPFRE permaneciera como parte demandada en este litigio.

En vista de ello, el TPI declaró *Ha Lugar* la solicitud de sentencia sumaria presentada por el Municipio y desestimó con perjuicio la causa de acción presentada en su contra en virtud de la inmunidad que le concede el artículo 1.053(g) del Código Municipal, *supra*. En cambio, declaró *No Ha Lugar* la solicitud de sentencia sumaria en cuanto a MAPFRE, para que así permaneciera como parte demandada, conforme a los límites y condiciones de la póliza correspondiente.

Inconforme, el 15 de diciembre de 2025, MAPFRE presentó una *Moción de Reconsideración*, y solicitó al foro de instancia que dictara Sentencia desestimando la causa de acción en su contra.[9] En primer lugar, planteó que el dictamen emitido se sustentaba en el Art. 20.050 del Código de Seguros, *supra*, por el cual se concluyó que no le cobija la inmunidad a MAPFRE como aseguradora del Municipio. Esbozó, aunque dicha disposición indica que las aseguradoras no podrán aducir la defensa de inmunidad gubernamental, de acuerdo con la jurisprudencia estatal y federal, este artículo se refiere a la limitación sobre los topes de indemnización de $75,000 y $150,000 que cobijan al Estado y sus dependencias y al requisito de notificación dentro de los noventa (90) días de la ocurrencia del accidente, conforme lo dispone la Ley de Reclamaciones y Demandas contra el Estado, Ley Núm. 104 de 29 de junio de 1955, 32 LPRA sec. 3077 *et seq.*

Así, pues, el apelante adujo que el Art. 20.050 del Código de Seguros, *supra*, está enmarcado en el concepto de inmunidad gubernamental y no en la prohibición expresa del Código Municipal de impedir una causa de acción. Añadió, tal diferencia es de suma importancia toda vez que todos los casos en que se menciona el concepto de inmunidad gubernamental, a lo que se refiere es a los límites de responsabilidad y no de la ausencia de causa de acción. Asimismo, incluyó jurisprudencia para sustentar su razonamiento, en particular, la inexistencia de causa de acción en contra del asegurado, entiéndase el Municipio, lo cual ocasiona que la aseguradora no tenga una reclamación por la cual responder.

El 30 de diciembre de 2025, la parte apelada interpuso una *Oposición a Moción de Reconsideración*.[10] Expuso que la *Moción de Reconsideración* que presentó MAPFRE no demostraba error

---

[9] SUMAC TA, Entrada Núm.1, Apéndice 21.
[10] *Íd.*, Apéndice 23.

manifiesto de derecho ni de hechos, ni se plantean circunstancias extraordinarias que justifiquen alterar la determinación que emitió el Tribunal. En ese sentido, arguyó que la *Sentencia Parcial* recurrida armonizaba correctamente la normativa del Código Municipal con el régimen del Código de Seguros, evitando que la inmunidad estatutaria del Municipio se convierta en un mecanismo indirecto para privar al ciudadano de un remedio expresamente autorizado por ley.

Añadió que, a diferencia de los límites de responsabilidad o las defensas personales del asegurado, la acción directa se reconoció para permitir la reclamación contra el asegurador aun cuando el asegurado goce de protecciones especiales, siempre que exista una póliza vigente y cobertura aplicable. Insistió, el propio lenguaje del Artículo 20.050(2) es inequívoco al prohibir que el asegurador invoque la inmunidad gubernamental como defensa.

A tales efectos, el 30 de diciembre de 2025, el Tribunal de Primera Instancia emitió *Resolución*, notificada el mismo día, en la que declaró No Ha Lugar la *Moción de Reconsideración* presentada por MAPFRE.[11]

Conforme a la orden del Tribunal, el 24 de enero de 2026, MAPFRE presentó su *Contestación a la Demanda*.[12] Afirmó que, la existencia de una póliza válida y vigente al momento de los hechos alegados, no constituye una aceptación de negligencia ni de cualquier elemento, hecho, o alegación, tampoco exime a la parte demandante de cumplir con su carga probatorio para entablar una causa de acción directa contra la aseguradora.[13] De igual forma, planteó que el Municipio no tiene jurisdicción del lugar en donde ocurrió el accidente. Por lo cual, en la medida en que el Municipio

---

[11] *Íd.*, Apéndice 24.
[12] *Íd.*, Apéndice 26.
[13] MAPFRE expidió la póliza de seguros número 1600238002810 a favor del Municipio Autónomo de San Juan, con un límite de responsabilidad ascendente a $75,000 por persona y $150,000 por accidente, la cual está sujeta a una serie de cláusulas, términos, límites y condiciones.

no responde tampoco la aseguradora. Solicitó que se declarase *No Ha Lugar* la *Demanda* y se condenara a la parte demandante a una partida por concepto de costas, gastos y honorarios de abogado.

Finalmente, el 28 de enero de 2026, MAPFRE acude ante nos mediante un escrito de *Apelación* y señala la comisión de los siguientes errores, a saber:

> PRIMER ERROR: ERRÓ EL TPI AL DETERMINAR QUE NO PROCEDE EXTENDER LA INMUNIDAD DEL MUNICIPIO COMO DEFENSA EN LA ACCIÓN DIRECTA CONTRA LA ASEGURADORA, A PESAR DE LA CLARA AUSENCIA DE RESPONSABILIDAD LEGAL DE SU ASEGURADO.
>
> SEGUNDO ERROR: ERRÓ EL TPI AL DETERMINAR QUE MAPFRE DEBE PERMANECER EN EL PLEITO MEDIANTE ACCIÓN DIRECTA A PESAR DE LA CLARA INEXISTENCIA DE UNA CAUSA DE ACCIÓN CONTRA SU ASEGURADO, APLICANDO INCORRECTAMENTE LAS DISPOSICIONES DEL CÓDIGO DE SEGUROS E IGNORANDO EL LENGUAJE DE LA PÓLIZA.

La señora Morales Méndez compareció el 27 de febrero de 2026, mediante *Alegato de la Parte Apelada*, por lo que, con el beneficio de las posturas de ambas partes, procedemos a resolver.[14]

## II.

### A. Sentencia Sumaria

El mecanismo de sentencia sumaria está codificado en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36. *Conklin y otros v. Passalacqua y otros*, 2026 TSPR 18, resuelto el 24 de febrero de 2026. Este, permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales, no hay duda sobre los hechos esenciales y existe evidencia que los apoya, de manera que, solo resta aplicar el derecho. *Negrón Castro y otros v. Soler Bernardini y otros*, 2025 TSPR 96, resuelto el 6 de octubre de 2025, 216 DPR ___ (2025). Este cauce sumario - invocable tanto por la parte reclamante como por quien se defiende de una reclamación- resulta beneficioso para el tribunal y para las partes, pues agiliza el proceso judicial mientras, simultáneamente,

---

[14] SUMAC TA, Entrada Núm. 3.

provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Conklin y otros v. Passalacqua y otros,* supra. *Jiménez Soto y otros v. Carolina Catering Corp. y otros,* 2025 TSPR 3, resuelto el 14 de enero de 2025, 215 DPR ___ (2025).

Bajo el crisol doctrinario, procede dictar sentencia sumaria si se desprende de las alegaciones, deposiciones, declaraciones juradas, contestaciones a interrogatorios, admisiones ofrecidas, entre otros, que no existe controversia real sustancial sobre un hecho esencial y pertinente, y siempre que el derecho aplicable así lo justifique. *Cooperativa de Seguros Múltiples de Puerto Rico y otro v. Estado Libre Asociado de Puerto Rico y otros,* 2025 TSPR 78, resuelto el 5 de agosto de 2025, 216 DPR ___ (2025). Ahora bien, la Regla 36.6 de las Reglas de Procedimiento Civil, *supra,* permite la posposición de la adjudicación de un petitorio sumario, cuando una parte solicite finalizar el descubrimiento de prueba.

Con relación a los requisitos de forma que la parte promovente de una solicitud de sentencia sumaria debe cumplir, la Regla 36.3(a) de las Reglas de Procedimiento Civil, *supra,* establece los siguientes: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023). Si el

promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 111 (2015).

De otra parte, quien desafía una moción de sentencia sumaria, no puede descansar en las aseveraciones o negaciones consignadas en su alegación. *Íd.*; *León Torres v. Rivera Lebrón*, 204 DPR 20, 43 (2020). La Regla 36.3(c) de las Reglas de Procedimiento Civil, *supra*, obliga a dicha parte a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si procede en derecho. *León Torres v. Rivera Lebrón, supra*.

A esos efectos, el promovido deberá detallar y sustentar, con evidencia sustancial, los hechos materiales que pretende controvertir y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón, supra*. Claro está, para cada uno de estos supuestos, deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3(d) de las Reglas de Procedimiento Civil, *supra*. Es decir, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro*, 2025 TSPR 1, resuelto el 7 de enero de 2025, 215 DPR ___ (2025).

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por el promovente. *E.L.A. v. Cole*, 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues sólo procede si bajo ningún supuesto de hechos prevalece el promovido. *Íd.*, pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el

juzgador debe actuar guiado por la prudencia y ser consciente en todo momento que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón, supra*, pág. 44.

No obstante, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Cruz, López v. Casa Bella y otros*, 213 DPR 980 (2024). Además, existen casos que no se deben resolver mediante sentencia porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.*

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este tribunal intermedio debe considerar al momento de revisar una sentencia dictada sumariamente por el foro de instancia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas, supra*, págs. 118-119. En particular, nuestro más Alto Foro señaló que:

> [E]l Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.*, supra, pág. 679.

Conforme a lo anterior, los foros apelativos nos encontramos en igual posición que el Tribunal de Primera Instancia y utilizamos los mismos criterios para evaluar la procedencia de una sentencia. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro, supra.* Es decir, estamos llamados a revisar el expediente *de novo* y acreditar que las partes cumplieron con los requisitos de forma dispuestos en la Regla 36 de Procedimiento Civil, *supra*, y en su jurisprudencia interpretativa. *Negrón Castro y otros v. Soler Bernardini y otros, supra.* De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho. *Íd.*

**B. Conservación y mantenimiento de carreteras y aceras estatales**

De acuerdo con la Ley de Travesías, Ley Núm. 49 de 1 de diciembre de 1917, según enmendada, 9 LPRA sec. 12 *et seq.*, el DTOP tiene a su cargo la conservación y el mantenimiento de las carreteras estatales, conocidas como estaduales, las cuales están sometidas a la Ley para la Conservación y Policía de los Caminos Públicos de Puerto Rico, Ley Núm. 54 de 30 de mayo de 1973, según enmendada, 9 LPRA sec. 2101 *et seq.*[15] La disposición de ley antes citada dispone que, los municipios tendrán jurisdicción sobre las dos zonas urbanizadas, a ambos lados de la travesía, y podrán fijar alineaciones para la construcción de edificios y aceras conforme las ordenanzas municipales.[16]

---

[15] A tenor con la Ley para la Conservación y Policía de los Caminos Públicos de Puerto Rico, *supra*, la carretera se define como:

> [C]ualquier vía pública estatal para el tránsito vehicular que haya sido construida de acuerdo a alguna Ley del Estado Libre Asociado de Puerto Rico o que, habiendo sido construida por una Agencia o Corporación Pública, Estatal o Federal o por un municipio, haya sido transferida legalmente al Departamento de Transportación y Obras Públicas para su custodia y conservación. Una carretera está integrada por la zona de rodaje, el paseo, la servidumbre de paso, así como puentes, obras de desagüe, rótulos, señales, barreras protectoras, necesarias y convenientes para el mejor tránsito de los vehículos.

[16] Art. 2 de la Ley de Travesías, *supra.*

Conforme a la casuística interpretativa del Tribunal Supremo, los municipios son responsables del mantenimiento de las aceras que colindan con vías públicas estatales que atraviesan los pueblos, por lo que tienen el deber de tomar las medidas necesarias para su conservación y así mantenerlas en buen estado a fin de prevenir daños por condiciones peligrosas. *Pérez v. Mun. de Lares*, 155 DPR 697 (2001); *Del Toro v. Gob. De la Capital*, 93 DPR 481 (1966); *Oliver v. Municipio de Bayamón*, 89 DPR 442 (1963); *Vélez v. Gobierno de La Capital*, 77 DPR 701 (1954).

No obstante, la Asamblea Legislativa consideró que las acciones en daños y perjuicios contra los municipios menoscaban los servicios y recursos municipales.[17] Por tal razón, se aprobó la Ley Núm. 143-2019, que añadió el inciso (g) al Artículo 15.005 de la derogada Ley de Municipios Autónomos de Puerto Rico, Ley Núm. 81-1991, según enmendada, 21 LPRA sec. 4705.[18] En la Exposición de Motivos se expresó que, "[u]na acción de este tipo podría tener un impacto económico directo contra sus limitados recursos y su precaria situación fiscal. Por consiguiente, un incremento sostenido en las reclamaciones radicadas contra los municipios provocaría un aumento sustancial en los costos por concepto de seguros de responsabilidad pública". *Íd.* A su vez, dispone que es "[n]ecesario establecer un régimen legal justo para que los municipios no sean responsables por la alegada negligencia al Estado, en cuanto al mantenimiento de sus carreteras y aceras". *Íd.* Como vemos, tal enmienda prohibió expresamente las reclamaciones en daños y

---

[17] Exposición de Motivos del Proyecto del Senado 1022 por la Ley Núm. 143-2019, que enmienda la Ley de Municipios Autónomos, Ley Núm. 81-1991, 21 LPRA § 4705 (derogada 2020), para incorporar el inciso (g) del Art.15.005, a los fines de establecer que no se podrá radicar acciones civiles por daños y perjuicios a la persona o a la propiedad, contra los municipios como resultado de accidentes o acontecimientos ocurridos en carreteras o aceras propiedad del Gobierno Estatal. Cabe destacar, estas disposiciones se acogen tal cual en el Art. 1.053 del Código Municipal, *supra*, el cual derogó la Ley de Municipios Autónomos.

[18] El objeto de la enmienda fue el inciso (g) que dispone: "Cuando ocurren accidentes en las carreteras o aceras estatales".

perjuicios contra los municipios por accidentes ocurridos en las carreteras o aceras estatales.

Es preciso aclarar, esta disposición se acogió en el Artículo 1.053 del Código Municipal, *supra*, sec. 7084, el cual reitera que no están autorizadas las acciones contra los municipios por daños y perjuicios por acto u omisión de un funcionario, agente o empleado municipal cuando ocurren accidentes en una carretera o acera estatal.

De ahí que, el Tribunal Supremo de Puerto Rico en *González Meléndez v. Mun. San Juan et. al.*, *supra*, tuvo ante sí la oportunidad de determinar si los municipios responden por las reclamaciones de daños y perjuicios instadas en su contra por accidentes ocurridos en las carreteras o aceras pertenecientes al Gobierno estatal, a tenor con el inciso (g) del Art. 15.005 de la Ley de Municipios Autónomos. Tras esbozar el derecho aplicable, el Máximo Foro concluyó que dicho artículo "[n]o deja margen a otra interpretación...", siendo el factor determinante para que los municipios no respondan, la existencia del vínculo directo entre un accidente y el hecho de que el mismo ocurra en una carretera o acera propiedad del Estado. *Íd.* En ese caso, el Tribunal determinó que, una vez el Gobierno aceptó que la Avenida es estatal, por ende, su acera, **resulta inmaterial ventilar si el Municipio mantuvo la servidumbre de paso en condiciones razonables**. Cónsono con lo anterior, el reclamante no tiene causa de acción contra un municipio, cuando ocurren accidentes en carreteras o aceras estatales. *Íd.*

## C. Seguros

El negocio de seguros en Puerto Rico está revestido de un alto interés público. *Consejo de Titulares del Condominio Parques de Cupey y otros v. Triple-S Propiedad, Inc.*, 2025 TSPR 82, resuelto el 15 de agosto de 2025; *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981, 988-989 (2023); *W.M.M., P.F.M. et al.* v. *Colegio et al.*, 211

DPR 871, 884 (2023). Por esta razón, las controversias en materia de seguro serán resueltas en virtud del Código de Seguros, 26 LPRA sec. 101 *et seq.*, y su jurisprudencia interpretativa, considerando el Código Civil como fuente de derecho supletorio. *Consejo de Titulares v. Triple-S,* supra; *SLG Albert-García v. Integrand Asrn.*, 196 DPR 382, 389 (2016). En particular, el Código de Seguros, *supra*, es la ley que reglamenta las prácticas y los requisitos del negocio de seguros. El contrato de seguro es aquel acuerdo mediante el cual una persona se obliga a indemnizar a otra o a pagarle o proveerle un beneficio específico o determinable al producirse un evento incierto previsto en el mismo. Art. 1.020 del Código de Seguros, 26 LPRA sec. 102.

La persona que alega que ha sufrido daños y perjuicios causados por las acciones u omisiones culposas o negligentes de un asegurado puede orientar su causa de acción de tres formas distintas: contra el asegurador, contra el asegurado, o contra ambos. *SLG Albert-García v. Integrand Asrn.*, 196 DPR 382, 393 (2016). Ante ese cuadro, el Artículo 20.030 del Código de Seguros, *supra*, sec. 2003, dispone que "[l]a persona que sufriere los daños y perjuicios tendrá, a su opción, una acción directa contra el asegurador conforme a los términos y limitaciones de la póliza, acción que podrá ejercitar contra el asegurador solamente o contra éste y el asegurado conjuntamente". Ahora bien, esa acción reconocida queda sujeta a que la responsabilidad del asegurador no exceda a la pactada según los términos de la póliza, ni surgirá en caso de que el asegurado no haya incurrido en actos u omisiones culposas o negligentes. *Íd.*

Cónsono con lo anterior, el Artículo 20.050 del Código de Seguros, *supra*, sec. 2004, en cuanto al seguro de responsabilidad sobre entidades públicas, dispone lo siguiente:

(1) La obtención de un seguro de responsabilidad por el Estado Libre Asociado de Puerto Rico, sus dependencias

o entidades, y por los municipios y otras subdivisiones políticas, no constituirá ni se estimará que constituye una renuncia de inmunidad gubernamental, si la hubiere, en la responsabilidad por actos u omisiones en que hubiera mediado culpa o negligencia por agentes o empleados públicos, excepto hasta el grado de la indemnización cobrable real y efectivamente provista por dicho seguro en cuanto a un suceso en particular. Sin embargo, no se considerará que existe tal renuncia de inmunidad en cuanto a ninguna reclamación o demanda contra tal entidad pública, a menos que dicha entidad renuncie expresamente a la inmunidad.

(2) Todas dichas pólizas de seguro deberán disponer que el asegurador no podrá aducir la defensa de inmunidad gubernamental en ninguna acción incoada contra el asegurador con arreglo a dicha póliza en virtud de la misma.

(3) [...]

En fin, aunque la aseguradora no puede ampararse en la inmunidad que cobija al municipio asegurado, según el historial legislativo de la referida ley, no procede una interpretación que pretenda imputar responsabilidad absoluta al asegurador aún en ausencia de negligencia o culpa del asegurado. Es decir, a pesar de que el asegurador no pueda invocar las defensas personales o privativas del asegurado, este no responde cuando su asegurado no incurrió en culpa o negligencia. *SLG Albert-García v. Integrand Asrn.*, *supra*, pág. 394.

**III.**

En el caso de autos, MAPFRE plantea que el foro de instancia incidió al no desestimar la causa de acción en su contra, a pesar de haber desestimado con perjuicio la causa de acción presentada contra el Municipio, su asegurado, en virtud de la inmunidad absoluta que le concede el artículo 1.053(g) del Código Municipal, *supra*. En sus señalamientos de error, la parte apelante aduce que, ante la clara ausencia de responsabilidad legal de su asegurado, procede extender dicha inmunidad contra la aseguradora. Asimismo, reclama que, ante la clara inexistencia de una causa de acción contra su asegurado, no procede que este permanezca en el pleito mediante acción directa.

Por otro lado, la parte apelada sostiene que la intención legislativa detrás del Artículo 20.050 del Código de Seguros, *supra*, fue impedir que la inmunidad gubernamental sirviera como escudo del asegurador y aceptar la postura de MAPFRE implicaría añadir una excepción que el legislador no incluyó. Afirma que, la acción directa es autónoma y contractual dentro de los límites de la póliza. Lo determinante es la existencia de una póliza vigente y cobertura aplicable al riesgo alegado. Arguye, la permanencia del asegurado como parte no es requisito indispensable cuando la ley expresamente permite demandar al asegurador. Sugiere que, la interpretación propuesta por MAPFRE tendría el efecto práctico de dejar sin remedio a ciudadanos lesionados.

Examinados los planteamientos de las partes, y por estar estrechamente relacionados, procedemos a discutir los señalamientos de error en conjunto.

Al entender sobre la causa apelada que resulta de un análisis sumario nos corresponde evaluar los petitorios *de novo* conforme nos exige la normativa antes expuesta.  A esos efectos y, en primer lugar, colegimos que las partes acreditaron cumplimiento sustancial con las formalidades requeridas al justipreciar las peticiones instadas al amparo de la Regla 36 de las Reglas de Procedimiento Civil, *supra.* Superado lo anterior procede determinar si existen controversias medulares que impidan la adjudicación por la vía sumaria. En la alternativa, de no existir controversias de esta naturaleza procedería revisar si el foro primario incidió en la aplicación del derecho en este caso.

Surge del dictamen recurrido que, el TPI determinó que no existe controversia medular de hechos en cuanto a que la acera en donde ocurrió el accidente forma parte de la Avenida Ponce De León. Además, referente a la *Certificación*, acreditó que la Avenida Ponce De León, PR 25, es una servidumbre de paso del Departamento de

Transportación y Obras Públicas del Estado Libre Asociado de Puerto Rico. Apreciamos que, el TPI no incidió al determinar que en este este caso no existen controversias medulares por lo que procede evaluar la corrección de su análisis sobre el derecho aplicable.

Luego de nuestro estudio de las normas citadas y la jurisprudencia aplicable colegimos que, el TPI incurrió en los errores señalados. De una revisión del dictamen apelado se desprende que, el análisis que utilizó el Tribunal de Primera Instancia para justificar su decisión de mantener a MAPFRE como parte demandada en el pleito, no es correcto. En atención a los casos citados en la *Sentencia Parcial*,[19] surge claramente de ellos que, la interpretación de las disposiciones legales antes reseñadas ha versado sobre el impedimento a las aseguradoras de ampararse en la inmunidad gubernamental, pero estrictamente en cuanto a que estas minimizaran la cobertura del seguro. Es decir, las aseguradoras no pueden minimizar el monto de indemnización, basados en los límites estatutarios que pudieran cobijar a sus asegurados, entiéndase, inmunidad gubernamental. Así, se ha determinado que las aseguradoras responden hasta el grado de la indemnización cobrable real y efectivamente provista por dicho seguro, es decir, hasta el límite del seguro. *López Prieto v. UPR*, 156 DPR 395 (2002). Por otro lado, las defensas personales o privativas son en realidad privilegios. *Aetna Life & Cas. Co. v. Americana of P.R.*, *supra*, pág. 685. Obsérvese, no se pueden aplicar estos principios de la misma forma cuando se trata de ausencia de causa de acción.

Una vez desestimada la reclamación en contra del Municipio, no existía fundamento alguno para mantener la causa de acción en contra de MAPFRE. El foro de instancia erró en su análisis del

---

[19] *SLG Albert-García v. Integrand Asrn.*, 196 DPR 382 (2016); *Mintatos v. Municipality of San Juan*, 322 F. Supp. 2d 143 (2004); *Aetna Life & Cas. Co. v. Americana of P.R.*, 103 DPR 681 (1975); y *Rodríguez v. Maryland Casualty Co.*, 369 F. Supp. 1144 (1971).

derecho aplicable al denegar la solicitud de sentencia sumaria instada por MAPFRE. El Tribunal Supremo en *González Meléndez v. Mun. San Juan et. al.*, supra, ya se expresó en cuanto a que el reconocimiento de la inmunidad conferida por el artículo 1.053(g) del Código Municipal, *supra*, cuando ocurren accidentes en las carreteras o aceras estatales, se traduce en que la parte demandante "[n]o cuenta con una causa de acción en contra de éste [del Municipio]". En ese sentido, la aseguradora sólo responde en la medida en que exista responsabilidad jurídica del asegurado. *SLG Albert-García v. Integrand Asrn.*, supra. Atendiendo el planteamiento de la parte apelada, respecto a que tal interpretación tendría el efecto práctico de dejar sin remedio a ciudadanos lesionados, el Máximo Foro ha expresado que "[aun cuando pudo haber promovido su demanda en contra del Estado, la [apelada] perdió su oportunidad...". *Íd,* pág. 621.

Habida cuenta de ello, no estamos de acuerdo con el lenguaje utilizado por MAPFRE en su primer señalamiento de error, en cuanto a que procede extenderle la inmunidad que cobija al Municipio. Como antes mencionamos, el caso que nos ocupa trata de la inexistencia de una causa de acción contra el Municipio asegurado. Por lo cual, es forzoso concluir que, no existiendo una causa de acción ejercitable contra el Municipio, no puede venir a responder su aseguradora por lo que en derecho es inexistente. Por imperativo de ley, y así interpretada la intención del legislador, el contrato de seguros no se puede extender para cubrir una responsabilidad que no tiene el asegurado. Por tanto, erró el TPI al mantener a la Aseguradora como demandada en este caso. Dicho de otro modo, no se trata de una defensa invocada por el Municipio ante la cual MAPFRE pudiese estar impedida de invocar a su favor. Así reconocido, estamos ante la inexistencia de una causa de acción

en contra del Municipio, lo cual ocasiona que la MAPFRE, como su aseguradora, no tenga una reclamación por la cual responder.

**IV.**

Por los fundamentos que anteceden, revocamos la *Sentencia* apelada, únicamente a los fines de desestimar con perjuicio la causa de acción presentada contra MAPFRE, sin alterar el resto del dictamen notificado el 1 de diciembre de 2025.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones